ELIJAH C. KELLOGG AND OTHERS *vs.* CLARISSA C. I. MIX AND OTHERS.

Where a testator has omitted words in a will which are necessary to express the meaning intended, and the intended meaning is clearly inferable from the will taken as a whole, the court will by construction supply the omitted words. .

A testator made no other provision for his widow than the following: "After paying my debts I give to my beloved wife *C*, in trust for the maintenance of herself during her life and of my daughter *E* so long as she remains single; and to my son *G* $400 a year to be paid to him by my trustees." A previous clause had given the entire property to trustees for the purposes to be stated in the will. No other disposition of the income, which was over $4000 a year, was made during the life of the widow, but the income was given to his children after her death, and any appropriation of any part of the principal of the estate before her death was forbidden unless with her consent; and there was a provision that she should have the entire use of her portion of the estate until her death. Held that it was clear that the testator intended to give his widow *the net income of the estate* during her life, except the $400 given to his son, and that those words should be supplied in construing the legacy to her.

PETITION in equity by trustees under the will of John G. Mix, for advice as to the proper construction of the will; brought to the Superior Court in Hartford County.

The provisions of the will important to the case were as follows:

"First. I give and devise all my real and personal estate, whereof I am duly seized and possessed at my decease, except what may hereinafter be given or devised direct, to Elijah C. Kellogg, my son Joseph H. Cone, and Otis Warner, my trustees, all of the city of Hartford, in trust, to them and their successors, who are to be appointed by the court of probate, for the use and purpose following:"

"Fourth. After paying all my just debts, and erecting a suitable family monument to our memory, I give and bequeath to my beloved wife, Clarissa Champion Isham Mix, in trust, for the maintenance of herself during her life, and the maintainance of my daughter, Eliza F. Mix, so long as she remains single; and to my son, George H. Mix, a sum not exceeding four hundred dollars a year, which I request my trustees to pay to him from time to time as they shall deem best." The

will then provided for the payment of a larger sum annually to his son George, upon certain contingencies, " this provision to commence at my wife's decease." Also for the payment in a certain contingency of $4000 from the principal to George before the widow's death, but only with her full approval.

" Fifth. At the death of my wife I give to each of my daughters, Martha I. Cone and Eliza F. Mix, the use of their legal proportions of my estate, to be held in trust, as herein-before provided, for their use and benefit after making the bequests, paying the debts, and doing all the acts herein provided for ; then the full fee to go to their children, when they attain the age of twenty-one years. Should one or both of my daughters die without children, then I give to one or both, as the case may be, the sum of five thousand dollars, in full fee, to be disposed of as they choose, by will or otherwise, and the same to my beloved wife, always provided that they are each and all of them to retain the entire use of my estate till their death."

The will made no other provision whatever for the support of the widow or unmarried daughter during the life of the former, and gave nothing more in any form to the widow. It also made no disposition whatever of the income of the property during the life of the widow, except the provision for the payment of four hundred dollars per year to his son George. It also provided that none of the principal of the estate should be used, except for certain specified purposes, until after the death of his wife and daughter.

The will was dated September 13th, 1867. The testator died September 23d, 1869. The personal estate left by the testator was more than sufficient to pay all his debts and the expenses of settling the estate, and the real estate yielded an annual income of more than $4,000, and was growing more productive.

Upon these facts the case was reserved for the advice of this court.

*Hyde*, for the petitioners.

*Waldo*, for the widow.

*Welch*, for George H. Mix

Kellogg *v.* Mix.

PARK, J.   It is manifest that the testator intended to give some portion of the income of his estate to his wife.  He says in the fourth paragraph of his will: " I give and bequeath to my beloved wife, Clarissa Champion Isham Mix, in trust for the maintenance of herself during her life, and the maintenance of my daughter Eliza F. Mix, so long as she remains single."   The words " in trust," so far as they apply to the maintenance of the wife, are inoperative, and may be stricken out, and the passage would then read substantially as follows: " I give to my wife, for the maintenance of herself during her life, and in trust for the maintenance of my daughter so long as she remains single."   The object in view is the maintenance of the wife and daughter, and, considering the estate left by the testator, no one can doubt that he intended to make, and supposed he had made, ample provision for these purposes. We might hold, without doing violence to the language used, that the giving to the wife for the maintenance of herself during her life, is in effect giving her maintenance out of his estate for the time specified ; and so likewise of the daughter. If a man says in his will, I give to be expended in the erection of a dwelling house of certain dimensions, costing the sum of ten thousand dollars, he in effect gives the sum of ten thousand dollars to be expended in the manner described.

But inasmuch as it is evident that the testator inadvertently omitted to state in the paragraph quoted what portion of the income of his estate he intended to give for the maintenance of his wife and daughter, and inasmuch as an inspection of the will renders it definite and certain what the omission was, we choose rather to supply the omission by constructively inserting what the testator intended to insert, than to hold that the maintenance of the wife and daughter for the time specified was given by the will, and then ascertain from other parts of the document what portion of the income was considered by the testator necessary for the purpose.

It is familiar law that in the construction of wills the intent of the testator, ascertained from the will itself, is the principal rule.   In the light of this rule we think it is clear

that the fourth paragraph of this will should be construed as if it read as follows: "After paying all my just debts, and erecting a suitable family monument to our memory, and after deducting such sums as the trustees shall in their discretion from time to time pay to my son, George H. Mix, according to the terms of this will, I give and bequeath to my beloved wife, Clarissa Champion Isham Mix, *the net income of my estate*, in trust for the maintenance of herself during her life, and the maintenance of my daughter, Eliza F. Mix, so long as she remains single."

We think this construction should be given for the following reasons:

1. The testator has bequeathed his whole estate, with the exception of a few legacies, to the petitioners, in trust " for the uses and purposes following;" thereby implying that he had disposed of the whole of his estate by the subsequent clauses of the will.

2. He has given the entire income of his estate to his children after the death of his wife.

3. He has made no other disposition of the income during the life of his wife.

4. He has given nothing to his wife unless it be the income.

5. He has prohibited the appropriation of the principal of his estate, or any part thereof, before the death of his wife, without her consent; thereby implying that to do so would deprive her of some portion of the estate bequeathed to her.

6. He has declared in the fifth paragraph of his will, that his wife shall have the entire use of her portion of the estate until her decease; thereby implying that the use of some portion of the estate had been given to her.

7. That part of the fourth paragraph of the will in relation to the maintenance of the wife and daughter is wholly inoperative, unless the income, or the maintenance, which amounts to the same thing, is given.

These considerations furnish unmistakable evidence that it was the intention of the testator to give his wife the net in-

come of his estate for her support during her life and for the support of his daughter during her maidenhood.

In coming to this conclusion we think we have not gone farther than other courts have gone to give effect to the intent of a testator made manifest by the terms of his will.

In *Wheeler* v. *Withers*, 16 Simons, 505, the court supplied the words, " under twenty-one years of age."

In *Cotton* v. *Stenlake*, 12 East, 515, the words, " during their lives" were rejected, thus making a life estate an estate in fee simple.

In *Holms* v. *Williams*, 1 Root, 332, our court supplied the words, " before he arrived at full age," in order to effectuate the intent of the testator.

In *Chappel* v. *Avery*, 6 Conn., 31, Judge Bristol says, " Mistakes in wills, where the mistake is apparent from the will itself, are corrected by a court of chancery."

Redfield, in his treatise on Wills, 454, has this general proposition : " It is an established rule of construction of wills, that, where it is evident the testator has not expressed himself as he intended to have done and supposed he had done, and the defect is produced by the omission of some word or words, and where it is certain beyond reasonable doubt what particular words were thus omitted, they may be supplied by intendment, and the will read and construed as if those words had been written in the place or places where they were intended to have been."

A similar rule may be found in the second volume of Williams on Executors and Administrators, on the 978th page, in these words : " To effectuate the clear intention as apparent on the whole will, words and limitations may be transposed, supplied or rejected."

A similar case to the one under consideration may be found in 1 Coldw. (Tenn.,) 461, *Eatherly* v. *Eatherly*. See also *Freeman* v. *Freeman*, 8 Vin. Abr., tit. " Devise," 51.

We therefore advise the Superior Court that the will in question is valid, and ought to be established ; and that Clarissa C. I. Mix, widow of the testator, is entitled to receive the net income of the estate, remaining in the hands of the

trustees after deducting such sums as they shall, from time
to time, pay to George H. Mix by virtue of the power and dis-
cretion vested in them by the terms of the will, the amount
so received to be held by her in trust for the maintenance of
herself during her life and of her daughter, Eliza F. Mix, so
long as she remains single.

In this opinion the other judges concurred.