HENRY J. SCHOENEICH, Administrator, ·Appellant, v. JOSIAH P. FIELD *et al.*, Respondents.

**St. Louis Court of Appeals, February 1, 1898.**

**Will**: TRUST ESTATE: CONSTRUCTION. A testator can determine and provide for the manner in which the income of his estate devised in trust shall be used by the beneficiary of the trust, though in doing so it prevents its alienation.

*Appeal from the St. Charles Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED; all concurring, Judge BIGGS in the result only.

*C. Daudt, C. J. Daudt* and *H. J. Schoeneich* for appellant.

This is a creditor's bill, and the proper proceeding to subject equitable assets of defendant to the payment of his debts. Brigham on Eq., sec. 525; *Pickens v. Dorris*, 20 Mo. App. 1; *Humphreys v. Milling Co.*, 98 Mo. 545. See, also, *Merry v. Keenan*, 44 Mo. 518; *Turner v. Adams*, 46 *Id.* 95; *Iron Co. v. McDonald*, 61 Mo. App. 559.

An equitable garnishment is the correct proceeding to reach property in the hands of a trustee, in which the beneficiary has a vested right which can not be reached on execution. *Pickens v. Dorris, supra; McElvain v. Smith*, 42 Mo. 45; *Ault v. Eller*, 38 Mo. App. 598; *Lackland v. Garesche*, 56 Mo. 267; *State v. Netherton*, 26 Mo. App. 414; *Barbman v. Lewis*, 27 *Id.* 81; *Luthey v. Woods*, 1 *Id.* 167; *Furlong v. Thomson*, 19 *Id.* 364; *Kent v. Curtis*, 4 *Id.* 112. See, also, *Lampert v. Haydel*, 96 Mo. 439; *Partridge v. Cavender*,

*Id*. 452; *Bank v. Chambers, Id.* 459, as to spendthrift trusts.

*T. F. McDearmon* for respondent.

The trust created by the will of Seth Field was an executory or active trust, and not one which the statute of uses did or could execute. *Jarboe v. Hey,* 122 Mo. 341; *Pugh v. Hays,* 113 *Id.* 424; *Lampert v. Haydel,* 96 *Id.* 439; *Smith v. Smith,* 70 Mo. App. 448; Perry on Trusts [3 Ed.], secs. 305-307; Hill on Trustees [Am. Ed.], 362.

Haigler's trusteeship can not be attacked collaterally. *Brandon v. Carter,* 119 Mo. 572.

The death of Haigler created a vacancy in the trust, but it cast the legal title to the property in his heirs, where it now rests, and it becomes their duty to care for the trust property or to have a new trustee appointed. *Ewing v. Shannahan,* 113 Mo. 188.

BLAND, P. J.—Seth Field, the father of defendant Josiah P. Field, died testate in Barton county, Missouri, in the year 1889. By his last will, after disposing of certain property to his other children, as to his son Josiah, made the following provision: "Third. After the death of my beloved wife the other half of all my estate, real, personal and mixed, shall go to C. A. Morrow, trustee, to be held by him for the sole use and benefit of my beloved son Josiah P. Field, so that my said son shall have and enjoy all rents, profits, interests and income of the real and personal property so bequeathed to said trustee for my son's benefit; said trustee is hereby authorized and empowered to sell the real and personal property so bequeathed to him with the written consent of my said son if said trustee should think it advisable to do so, in which case the proceeds of sale again to be invested

in the name of said trustee for the benefit of my said son; after the death of my said son the said profits, rents, interests and income of all the property herein bequeathed to said trustee shall belong and be paid over to the widow of my said son so long as she shall remain single after his death, but in case she shall remarry again or in case of her death said trusteeship shall cease and be at an end and all the estate so bequeathed herein to said trustee shall go and belong to all of the children of my said son, Josiah P. Field, in equal parts as their own absolute property." Mrs. Field died before the institution of this suit.

C. A. Morrow resigned his trusteeship and Loman H. Haigler was appointed trustee for Josiah Field by the decree of the Barton county circuit court. The other heirs of Seth Field, after the appointment of Haigler as trustee, conveyed to him as such trustee the undivided one half of lands situated in St. Charles county, and described in the plaintiff's petition as the fractional southeast quarter of section 36, township 48, range 5 east, and containing three hundred and nine acres. By this conveyance the petition avers (truthfully) the whole of the tract of land was vested in Haigler, trustee, for the use and benefit of Josiah P. Field, so that he (Josiah) should have and enjoy all the rents, profits and income of said land as provided by the will of his father. Haigler, after the execution of the deed to him as trustee, died, and no trustee has since been appointed. Josiah P. Field was residing on the land when his father died and has continued to live there ever since, accounting to no one for rents and profits. While his father's estate was undergoing administration, he paid to his trustee, Morrow, who was also executor of the will, a small amount of money toward the expenses of administration. It is contended by appellant that Haigler never consented to

act as trustee. Josiah Field testified that before his appointment was made, he saw Haigler and that he consented to act as trustee; he was in feeble health when appointed, and died a short time thereafter. Field's testimony is all the evidence as to Haigler's acceptance of the trust, and is to the effect that he agreed to serve.

On the first day of March, 1894, the plaintiff recovered of defendant Josiah Field, in the St. Charles circuit court a judgment for $500, with costs, no part of which has ever been paid. The evidence is that Josiah Field is the head of a family and has no property liable to seizure and sale under execution. This suit is in equity, and asks for the appointment of a trustee; that after appointment he be ordered and required to take charge of the trust property, collect the rents and profits, and from them pay the plaintiff's judgment. The circuit court on a hearing dismissed the bill and rendered judgment for defendants, from which the plaintiff has appealed to this court.

Several questions were raised and discussed in the oral argument by counsel and are also presented in their briefs. We think a proper construction of the clause of the will of Seth Field creating WILL: trust estate: the trusts will dispose of this case, and construction. make it unnecessary to consider the other points presented. On this point we adopt the views of respondent's counsel as ably expressed in his brief, which are as follows: "The trust here created is on all fours with those passed on in the cases of *Pugh v. Hays*, 113 Mo. 424; *Jarboe v. Hey et al.*, 122 Mo. 341, and *Lampert v. Haydel*, 96 Mo. 441, and those cases are controlling in this." Judge BLACK, rendering the opinion in the *Pugh v. Hays* case, says: "If the donee in trust or for uses, is invested with duties and powers, then a trust is created and the legal title does not pass

to the *cestui que trust*.  Such  trusts are not and  never were  effected  by  the statute  of uses.   Therefore  if any agency, duty or power be imposed on the trustee, as by a limitation to a  trustee and  his heirs  to pay the rents or to  convey the  estate or if any  control is to be exercised  or  duty performed  by the trustee in applying the rents to a person's maintenance, or  in  making re- pairs or to  preserve  contingent  remainders, or to raise a sum of money, or to  dispose  of the estate  by sale in all these, and  in other and  like cases, the  operation of the statute  is  excluded  and  the trust  or  uses  remain mere equitable titles.

Where the estate is limited  to a trustee to pay the rents and profits to another person  for life, the trustee takes the legal estate.    *   *   *   Slight expressions are often  deemed  sufficient  to create a trust.   Thus in  a devise to trustees to suffer and  permit  the widow  to take the net rents and profits, subject to a rent charge, was held to constitute a  trust and  the  trustee took the legal title  during  the life of ·the wife.   Although the direction may be to permit and  suffer  another person to revise the rents, yet, if any  duty  is imposed upon the  trustees  expressly  or  by  implication, the legal estate will  remain  in them  unaffected  by the statute. *   *   *   It is the presence of active duties on the part of the trustee that  establishes the legal title in  him to the end that he may perform these duties.   It is there- fore all important  to  know  whether  any and  what duties are imposed upon the trustee and  for the exis- tence or non-existence of such  duties we  must look to the intention of the donor.   Here that intention is to be gathered from a consideration of the will  taken as a whole.

Apply the rule established in these cases to  the case at bar, and it settles beyond all controversy or cavil the proposition that the trust in  this case is an

executory or active trust with the legal title to the trust property vested in the trustee, and if such is the case it can not be in any manner reached or interfered with by the creditors of the defendant.

The language of the will is "after the death of my beloved wife the other half of all my estate, real, personal and mixed, shall go to C. A. Morrow, trustee, to be held by him for the sole use and benefit of my beloved son Josiah P. Field, so that my said son shall have and enjoy all rents and profits, interest and income of the real and personal property so bequeathed to the said trustee for my said son's benefit; said trustee is hereby authorized and empowered to sell the real and personal property so bequeathed to him, with the written consent of my said son, if said trustee should think it advisible to do so, in which case the proceeds again to be invested in the name of said trustee for the benefit of my said son; after the death of my said son, the said profits, rents, interest and income of all the property herein bequeathed to said trustee shall belong and be paid over to the widow of my said son so long as she shall remain single after his death, but in case she shall remarry again or in case of her death, said trusteeship shall cease and be at an end, and all the estate so bequeathed herein to said trustee shall go and belong to all the children of my said son Josiah P. Field, in equal parts, as their own absolute property."

The foregoing provisions of the will are replete with active duties and discretionary powers imposed on the trustee in the management of the estate committed to his care. It will be observed from reading plaintiff's brief that he admits, or rather asserts, the trust in controversy to be an active trust. Plaintiff's brief, page 31. In this assertion he gives away his case. Since the decision of our supreme court in case of

*Lampert v. Haydel*, followed by the decisions in *Pugh v. Hays*, and *Jarboe v. Hey et al.*, *supra*, there is no longer any doubt that a testator can, by placing the estate in the hands of a trustee, protect the income from the creditors and purchaser of the beneficiary of the trust, though the beneficial use and enjoyment of the income for life was expressly granted them.

A testator can determine and provide for the manner in which the income of the property shall be used by the beneficiary, though in doing so it prevents its alienation. It was the purpose of the testator in creating this trust to accomplish ·this object. The language of the trust is clear, explicit and conclusive on this point. The fundamental and paramount rule for the construction of wills, and to which all others must yield, as declared by the courts and emphasized by the statute, requires that due regard shall be given to the direction of the will and to the true intent of the testator when not inconsistent to the positive rules of law. *Lampert v. Haydel*, 96 Mo. 441; *Redman v. Barger*, 118 Mo. 568; *Nichols v. Boswell*, 103 Mo. 155.'' Judgment affirmed. All concurring; Judge BIGGS in the result only.

Amended by the instruction of court.