## HIGGINS v. BECKWITH, *Plaintiff in Error.*

1. **Proceeding to Quiet Title :** NON-RESIDENT : SERVICE: JURISDICTION. In a proceeding to quiet title, where the statute authorizes service upon the defendant by delivery of a copy of the order of notice to him by some person competent to testify as a witness in the cause, such service to be proved by the affidavit or deposition of the person making it (R. S. 1879, sec. 3562), service by the sheriff of a county of another state is insufficient where not proved by affidavit or deposition, and will not confer jurisdiction.

2. ——— : ——— : ——— : ——— : JUDGMENT ROLL. Where the judgment roll shows such service by the sheriff without proof of it by affidavit or deposition, and the roll appears to be complete, the general jurisdictional recital in the judgment that notice " was duly served on the defendant " will be limited to the specific method of service which the roll discloses.

3. ——— : ——— : ——— : ———. The record entry in such case that the " cause be continued by agreement " will not give jurisdiction of defendant where he had never entered his appearance and was not present in court, so far as the record shows.

4. **Practice :** APPEARANCE : JURISDICTION. The appearance of the defendant for the purpose of filing a motion in arrest of judgment will not give jurisdiction where none had been acquired before.

*Error to Sullivan Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*A. W. Mullins* and *John P. Butler* for plaintiff in error

(1)  Jurisdiction of defendant was not acquired as required by statute. R. S. 1879, secs. 3485, 3562 ; R. S. 1889, sec. 2092 ; *Grant v. King*, 31 Mo. 312 ; *Deware v. Wyatt*, 50 Mo. 236 ; *Macomber v. Jaffray*, 4 Gray (Mass.) 82. (2) Notwithstanding the recital in the final judgment, the defendant was neither brought into court under its order of summons, nor did he enter his personal appearance or take any steps in the suit to subject himself to the jurisdiction of the court. To have made a record *prima facie* good against defendant that he did appear, the recital must be certain and unequivocal that he did in fact appear. R. S. 1879, sec. 3485 ; R. S. 1889, sec. 2013 ; Whittlesey's Mo. Prac., secs. 152, 153, pp. 194–196 ; Myer's Supplement to Whit. Prac., sec. 152, p. 89 ; *Huff v. Shephard*, 58 Mo. 242 ; *Smith's Adm'r v. Rollins*, 25 Mo. 408 ; *McCormack v. Bank*, 53 Ind. 466 ; Wells on Jurisdiction, p. 105, note. (3) The recital in the judgment that "notice was duly served on the defendant" may be overthrown by showing by other parts of the record that it is not true. That recital will be construed in connection with the whole record, and will be deemed to refer to the kind of service shown by other parts of the record. *Cloud v. Inhabitants of Pierce City*, 86 Mo. 357. (4) If the court had not jurisdiction of the defendant, the judgment ought to be reversed and the proceedings dismissed. *Cloud v. Inhabitants*, 86 Mo. 357.

*A. C. Eubanks* for defendant in error.

(1)  The defendant was duly summoned and served with a copy of the order of court and entered his

appearance to the action by agreeing to a continuance
of the cause. R. S. 1879, secs. 3485, 3562; R. S. 1889,
sec. 2092; *Orear v. Clough*, 52 Mo. 55; *Tower v. Moore*,
52 Mo. 118; *Griffin v. Van Meter*, 53 Mo. 430; *Peters
v. Railroad*, 59 Mo. 406. (2) The recital in the record
that the cause was continued by agreement of the parties
was an entrance of appearance of defendant and gave
the court jurisdiction of his person. *Orear v. Clough*,
52 Mo. 55; *Tower v. Moore*, 52 Mo. 118; *Griffin v. Van
Meter*, 53 Mo. 430. The sufficiency of proof of service
of the order could not be raised in the motion in arrest.
It could only be raised on a motion for new trial.
*White v. Caldwell*, 17 Mo. App. 691; *Mahan v. School
District*, 29 Mo. App. 269, and authorities cited. The
same holds good as to the recitation in the judgment, as
to the continuance of the cause by agreement. (3) There
is no affirmative evidence in the record to show that the
mere certificate of service of the sheriff was all the evi-
dence before the court to prove the service of the order
of court on defendant to show cause, etc., and, as the
court found the fact of service from evidence, it is con-
clusive in this case, no exceptions having been saved by
defendant, nor motion for a new trial filed. *White v.
Caldwell*, 17 Mo. App. 691; *Mahan v. School District*,
29 Mo. App. 269, and authority there cited. *Cloud
v. Pierce City*, 86 Mo. 357, cited for plaintiff in error is
not in point.

SHERWOOD, J.—Action to quiet title, the defendant
being a non-resident, and the plaintiff in possession.
The petition and other proceedings in the cause are as
follows:

"Alfred J. Higgins, Plaintiff,  
       *vs.*  
"Warren Beckwith, Defendant.

"Now comes the above-named plaintiff, Alfred J.
Higgins, and says that he is the owner in fee of the fol-
lowing described real estate lying and being in Sullivan
county, Missouri, to-wit: Thirty acres off of the north

side of the northeast quarter of the northwest quarter, and the west half of the northwest quarter of section number 1, in township number 63, of range number 22, and he is in the possession of the same ; and he further avers that he is credibly informed and believes that the defendant, Warren Beckwith, makes some claim to said real estate adverse to the estate of your petitioner, the plaintiff herein.   He further avers that said defendant, Warren Beckwith, is a non-resident of the state.  Plain-tiff, therefore, prays the court for an order that he, the said defendant, Warren Beckwith, may be summoned to show cause why he should not bring an action to try the alleged title to said real estate, if any he has or claims.

"[ Signed ]            A. J. HIGGINS, Plaintiff.
" By A. C. EUBANKS, Attorney.

"Sworn to by A. C. Eubanks, Attorney for Plaintiff, May 8, 1885.

"And afterwards on May 25, 1885, an order was made by said circuit court on said petition, as follows : .

"Alfred J. Higgins, Plaintiff,      ⎫
              vs.                      ⎬ ·
"Warren Beckwith, Defendant.        ⎭

"Now on this twenty-fifth day of May, 1885, the above entitled cause being called for hearing and the mat-ters and facts alleged in the petition, filed by the plain-tiff in this cause, being duly considered, and after hearing the testimony in said cause, it is ordered and adjudged by the court that the prayer of plaintiff's petition be granted, and it is further ordered and adjudged by the court that the defendant, W. Beckwith, be notified and summoned to be and appear before the circuit court of Sullivan county, Missouri, to be begun and held at the courthouse in the city of Milan in said county, on the sixteenth day of November, 1885, and on or before the third day of said term, if the term shall so long con-tinue ; if not then before the end of the term, show cause, if any he has, why he should not be compelled

to commence an action against the plaintiffs or their legal representatives to try the alleged title, if any he has, to the following described real estate, to-wit: Thirty acres off of the north side of the northeast quarter of the northwest quarter, and the west half of the northwest quarter of section one ( 1 ), in township sixty-three ( 63 ), of range twenty-two ( 22 ), it being the same land as that mentioned in the petition filed herein; and if the said defendant, Warren Beckwith, makes default to be forever barred from having or claiming any right to said real estate above described.

"In pursuance of said order by notice on the second day of October, 1885, a duly certified copy of said order was issued and delivered to plaintiff's attorney for service, and on the fifth day of October, 1885, said certified copy of order of notice was returned executed. Which said return of service is in words and figures following:

"'STATE OF IOWA, ) ss.
"'County of Henry. (

"'I hereby certify that I executed the within order of court by delivering a true copy of the same to the within-named Warren Beckwith at the county and state aforesaid on the fifth day of October, 1885.

"'[ Signed ]                JAMES DWYER,
                "'Sheriff of Henry County, Iowa.'

"And afterwards, to-wit, on the twenty-first day of November, 1885, it being the sixth day of November term of said court, the following proceedings were had:

"'Alfred J. Higgins, Plaintiff,        )
            vs.                        }
"'Warren Beckwith, Defendant. )

"'Now on this twenty-first day of November, 1885, it is ordered by the court that this cause stands continued until the next term of this court.'

"And afterwards, to-wit, on the twenty-second day of May, 1886, it being the seventh day of May term of said court, the following proceedings were had, to-wit:

Higgins v. Beckwith.

" ' A. J. Higgins, Plaintiff,
        vs.
" ' Warren Beckwith, Defendant.

" ' Now on this twenty-second day of May, 1886, it is ordered by the court that this cause be continued by agreement.'

" And afterwards, to-wit, on the twenty-second day of November, 1886, it being the seventh day of November term of said court, the following proceedings were had, to-wit:

" ' A. J. Higgins, Plaintiff,
        vs.
" ' Warren Beckwith, Defendant.

" ' Now on this twenty-second day of November, 1886, it is ordered by the court that this case stands continued.'

" At the May term, 1887, of the circuit court the following final judgment was rendered in the cause:

" ' Now on this day this cause coming on for final trial, and the plaintiff being present in court and answering ready for trial, and it appearing to the satisfaction of the court that on the twenty-fifth day of May, 1885, plaintiff filed in this cause his petition in which he alleges that he is the owner and in the actual possession of the following described tract of land in said county, to-wit: Thirty acres off of the north side of the northeast quarter of the northwest quarter, and the west half of the northwest quarter of section number 1 in township 63, of range number 22, and averring that he is credibly informed and believes that the defendant makes some claim to said land adverse to the plaintiff, and praying that he be summoned to show cause why he should not bring an action to try his alleged title, if any; and afterwards, to-wit, on said twenty-fifth day of May, 1885, said court made an order of record requiring notice to be given defendant to bring an action to try his alleged title; and whereas said notice was duly issued on the second day of October, 1885, and has been

duly served on the defendant; and whereas it further appears from the records of this court that on the twenty-second day of May, 1886, at the May term of said circuit court, said cause was continued by agreement; and the defendant failing and refusing to answer or plead, or to comply with the order of this court, ordering him to bring an action to try his title : It is ordered, adjudged and decreed by the court that defendant be and is hereby forever debarred and estopped from having or claiming any right or title to the land and premises herein described adverse to the petitioner and those claiming by or through him, and that plaintiff recover of and against said defendant his costs herein laid out and expended."

Within two days after the rendition of this judgment the defendant filed his motion in arrest based, in substance, upon the ground that the court had never acquired jurisdiction over the defendant. This motion being denied, the defendant brings the cause here on error.

Section 3562, Revised Statutes, 1879, provides for a proceeding to quiet title to be instituted by a party in possession of real estate against a resident, or a nonresident, of the state, and authorizes service upon such non-resident by having a copy of the order of notice delivered to such non-resident, either within or without this state, by some person competent to testify as a witness in the cause ; such service being proved by the affidavit or deposition of such person.

In the case in hand, though the judgment roll shows service on the defendant by the sheriff of Henry county, Iowa, of a copy of the order of notice, yet no such affidavit or deposition is to be found in the judgment roll, which appears to be complete, and so the general jurisdictional recital in the judgment, that notice "*was duly served on the defendant*," is limited to the specific method of service which that roll discloses ; and, as that method was insufficient under the terms of the statute,

it must needs follow that the circuit court acquired no jurisdiction in consequence of the service had. *Cloud v. Inhabitants of Pierce City*, 86 Mo. 357 ; *Blodgett v. Schaffer*, 94 Mo. 652.

II. Nor was any jurisdiction acquired over the defendant by reason of the entry of record made May 22, 1886, whereby the court ordered that the "*cause be continued by agreement.*" The appearance of the defendant had never been entered, so far as the record shows, nor that he was present in court, and so it would require a record entry of more affirmative character to show jurisdiction acquired over him. *Non constat*, but that the cause was continued by agreement of the *plaintiff*, or upon correspondence with the defendant.

III. Nor did the subsequent appearance of the defendant and his motion in arrest have any retroactive effect in favor of the plaintiff and thus confer jurisdiction where none existed before. *Cloud's case, supra.*

These views result in reversing the judgment and remanding the cause, and it is so ordered. RAY, C. J., BLACK and BRACE, JJ., concur; but BARCLAY, J., dissents.

SEPARATE OPINION.

BARCLAY, J.—No objection to the judgment of the trial court is urged, except that it was rendered without jurisdiction over the person of defendant. But, as that point was assigned in the motion in arrest, it is entirely proper to consider the whole record to determine its force and validity.

Twice the cause was continued by order of the court to that effect. At another term is the following entry, under the title of the case, namely : " Now on this twenty-second day of May, 1886, it is ordered by the court that this cause be continued by agreement."

It appears to me that the plain and ordinary significance of that language, used in such a place and in such

a connection, is that the case was then continued by the court because the parties to the cause, personally or by their attorneys, so agreed.

Continuances "by consent" or "by agreement" are of frequent occurrence in practice in the circuit and other courts. As far as my observation has extended, the meaning of such entries is generally taken and considered by the bar and trial courts to be that just indicated.

It is settled law that consenting to a continuance is such an appearance as will cure any irregularity in obtaining jurisdiction over the person of· a defendant in the action. *Bohn v. Devlin* ( 1859 ), 28 Mo. 319 ; *Peters v. Railroad* ( 1875 ), 59 Mo. 406 ; *Auspach v. Ferguson* ( 1887 ), 71 Iowa, 144.

So it seems to me that the affirmative showing of error, which should be made before a judgment of the circuit court is reversed, is wanting here, and, therefore, my respectful dissent is entered to the conclusion reached by my learned associates.