## FLOWERS *v.* JACKSON.

### Opinion delivered May 13, 1899.

APPEARANCE—RECITAL OF RECORD.—A recital in the record of a cause that "it is ordered that this cause be and the same is hereby continued by consent," is insufficient to show that defendant has entered his appearance. (Page 459.)

Appeal from Ashley Circuit Court.

MARCUS L. HAWKINS, Judge.

*Robt. E. Craig,* for appellant.

A judgment entered by default against a party who has not been served is void. 1 Black, Judg. 83; Sand. & H. Dig. § 4190. The *nunc pro tunc* order, being without proper notice to appellant, did not give jurisdiction. 34 Ark. 300. To sustain a default judgment, the complaint must state a cause of action. 49 S. W. 489; 1 Black, Judg. 84. The complaint is fatally defective in the description of the land. 56 Ark. 172; 59 Ark. 460; 60 Ark. 487; 62 Ark. 188.

*G. W. Norman*, for appellee.

Tho description is good. 45 Ark. 28; 66 Miss. 404; 28 N. E. 180; 5 Lawson, Rights & Rem. 3481; 21 Ark. 547–576. Evidence was admissible to show what *portion* of the land described, as within certain boundaries, is meant. 11 Neb. 488; 16 Wis. 374; 5 Dana, 376; 2 Ballard's Ann. Real Prop. 165; *ib.* 217; 52 N. W. 1112; 8 Am. & Eng. Enc. Law, 154. Appellant's giving bond was an appearance. 43 Ark. 230; 41 Ark. 75; 6 Ark. 459; 9 Ark. 160–174. Agreeing to a continuance is a waiver of any defect in the service of the original writ. 4 Ark. 70; 14 Ark. 234; 39 Ark. 352; 20 Ark. 12; 35 Ark. 95; 35 Ark. 276.

BATTLE, J. T. A. Jackson brought an action of forcible entry and detainer against W. J. Flowers in the Ashley circuit court for the possession of a certain tract of land. He sued out a writ of possession, directed to the sheriff of Ashley county, and commanding him to deliver the possession of the land to the plaintiff, and to summon the defendant to appear in court on the first day of its August (1895) term and answer the plaintiff in the action. It does not appear that any part of the writ was served. No return, showing service, was made by the sheriff. A judgment by default was, however, rendered against the defendant for the possession of the land, and for forty-seven dollars for rent and damages, and for the costs of the action. From this judgment, the defendant has appealed.

The court erred in rendering judgment without legal service of the writ upon the defendant. But appellee insists that service was waived, at a term previous to the term at which the judgment was rendered, by the appellant appearing and

consenting that the action be continued. The only evidence in the record of the truth of this statement is an order in the words following: "It is ordered that this cause be and the same is hereby continued by consent." This contention is sufficiently answered in *Higgins* v. *Beckwith*, 102 Mo. 463, as follows: "Nor was any jurisdiction acquired over the defendant by reason of the entry of record,  *  *  *  whereby the court ordered that the 'cause be continued by agreement.' The appearance of the defendant had never been entered, so far as the record shows, nor that he was present in court, and so it would require a record entry of more affirmative character to show jurisdiction acquired over him. *Non constat* but that the cause was continued by agreement of the plaintiff, or upon correspondence with the defendant."

The judgment of the circuit court is, therefore, reversed; but, as the defendant has voluntarily appeared, and prosecuted an appeal, the cause will be remanded, with instructions to the court to proceed as it could if he had been duly and in due time served with process.