HARRISON WILLIAMS, Appellant, v. JOHN W. GRUDIER.

Division One, March 2, 1915.

1. **ABSTRACT: Evidence Omitted.** An abstract which in places sets out what purports to be the substance of the evidence and in others the full questions and answers, will not authorize the court to affirm the judgment, even in an equity case, on the ground that it does not contain all the evidence, where respond-

Williams v. Grudier.

ent has filed no counter abstract, nor pointed out what evidence has been omitted.

2. **TAX SUIT: Name.** The spelling of the name of the defendant with one "l" or two, as "Worrel" or "Worrell," is not material.

3. ———: **Recital in Judgment: Contradicted by Other Record Matter.** A judgment in a tax suit is entitled to the presumption that its recitals are correct until they are made to appear to be incorrect by other portions of the judgment roll of equal dignity, and the return of the sheriff is a portion of the judgment roll, of at least equal dignity to the judgment, and the recital in the judgment that the defendant was duly served with process may be impeached by the sheriff's return showing he was not; and if there is a conflict, the return is entitled to precedent credibility.

4. ———: ———: ———: **Idem Sonans.** Neither by the eye nor by the ear are "Francis M. Worrel" and "Franas W. Warroels" *idem sonans;* and a recital in the judgment of due service of process on "Francis M. Worrel" is completely impeached by the sheriff's return showing service upon "Franas W. Warroels"; and a judgment by default in the tax suit against Francis M. Worrel, based on a sheriff's return of service on "Franas W. Warroels," and a sale in pursuance thereto, are both void.

5. **IDEM SONANS: Francis: Notice to Frances.** A notice of sale of the land in a tax suit reciting a default judgment against "Frances M. Worrel," where the suit was brought and the judgment rendered against "Francis M. Worrel," is bad, and the doctrine of *idem sonans* cannot be invoked to cure the mistake. The two words "Francis" and "Frances," are independent in meaning, the one indicating the masculine gender and the other the feminine; the one indicating a man and the other a woman; and a notice of the sale of the land of a woman can scarcely be said to be a good notice of the sale of the land of a particular man.

Appeal from Douglas Circuit Court.—*Hon. John T. Moore*, Judge.

REVERSED AND REMANDED (*with directions*).

*Asbery Burkhead* for appellant.

(1) The petition was filed against Frances M. Worrell, and the summons was issued against Francis

Worrell (the former a woman and the latter a man), and the summons was served on a person by the name of Franas W. Warroels, and judgment was taken by default. The court will take judicial notice that "Frances," defendant named in the petition, is the name of a female, and that "Francis," the name used in the summons, is the Christian name of a male. Supernant v. People, 110 Ill. App. 121; Tilson v. State, 29 Kan. 452; Taylor v. Commonwealth, 20 Gratt. (Va.) 825. "Franas W. Warroels," the name of the person served with summons by the sheriff, is not *idem so-nans* with either "Frances M. Worrell" nor "Francis M. Worrell." It is not difficult for the attentive ear to distinguish the names when they are pronounced. "Franas" neither sounds like "Frances" nor "Francis." Neither does "Worrell" sound like "Warroels." There was no proof tending to show that "Francis M. Worrell," "Frances M. Worrell" and Franas W. Warroels were one and the same person. If such had been true, it would have been easily proven. The following are not *idem sonans*: "Archer" and "Ashley," Bates v. Bank, 7 Ark. 394; "Battles and "Bappel" or "Bappels," Leach v. State, 132 Ala. 26; "Davies" and "David," David v. People, 192 Ill. 176; "Emma" and "Emily," Berge v. Berge, 94 Mo. App. 15; "Grafton" and "Graton," Graton v. Holliday Co., 189 Mo. 322; "Griffin" and "Griffie," State v. Griffin, 118 Mo. 118; "Jeffery" and "Jeffries," Marshall v. Jeffries, 16 Fed. Case No. 9128a, Hempst. 299; "Carrey" and "Scarrey," Scarrey v. Bunker-Culler Co., 233 Mo. 686; "Lane" and "Leane," Geer v. Mo. Lum. Co., 134 Mo. 85; "Simonson" and "Siemson," Simonson v. Dolan, 114 Mo. 176. The omission or addition of a final "s" is usually held a fatal variance. Favor v. Robinson, 10 Tex. 206; Seman v. Hill, 7 Ark. 70; Humphries v. Whitten, 17 Ala. 30. (2) It is competent to show by the roll and files and other records that the proper notice was not given, although the judgment recites the

contrary. Williams v. Mourse, 125 Mo. 574; Laney v. Garbee, 105 Mo. 355; Russell v. Grant, 122 Mo. 161; Harness v. Cravens, 126 Mo. 252. Jurisdiction of the persons of the defendants, other than the common-law service, can only be acquired by a rigid and strict compliance with the statute. Harness v. Cravens, 126 Mo. 233; Shuck v. Moore, 232 Mo. 649; Kunzi v. Hickman, 243 Mo. 103. And although the judgment may recite that the defendant was duly served, it may be collaterally impeached by the files and rolls and other records. Williams v. Monroe, 125 Mo. 574; Claude v. Pierce City, 86 Mo. 357; Laney v. Garbee, 105 Mo. 355; Russell v. Grant, 122 Mo. 161; Feust v. Caster, 174 Mo. 287. The rule that all official acts are presumed to have been rightly and regularly done does not obtain in a tax suit, and he who asserts the validity of a tax deed has the burden of showing that all the steps necessary to a good and valid sale were taken. Kries v. Land Co., 121 Mo. App. 184. While a sheriff's deed regular on its face is prima-facie good, yet it may be overturned, as it is in this case, by the whole record in the tax proceedings, and if the judgment is void the deed conveys no title. Cummins v. Brown, 181 Mo. 711; Orchard v. Bank, 121 Mo. App. 338. The owner of the *res* is entitled to notice before his property can be taken from him. Without such notice, and without a day in court to the owner of the *res,* no judgment *in rem* is valid. Trust Co. v. Railroad, 195 Mo. 669.

*G. W. Thornberry* and *A. H. Buchanan* for respondent.

(1) The decree of the trial court in this case should be sustained for the reason all the evidence is not brought to this court by appellant. This being a case in equity, the entire evidence should be before the appellate court. Rule 7 of this court; Pitts v. Pitts, 201 Mo. 356; Geltz v. Anisdem, 125 Mo. App. 592;

Heffernan v. Weir, 99 Mo. App. 301; Nelson v. Hall, 104 Mo. App. 466. And unless all the evidence is before the appellate court, the presumption is the trial court committed no error in its finding and the appellate court will defer to the finding of the trial court and affirm. Neither can appellant substitute his opinion as to what is material evidence or what is a sufficiency of evidence in lieu of the complete evidence. Jackson v. Railroad, 85 Mo. App. 443; Davies v. Boyers, 140 Mo. App. 593. Both parties claim under Francis M. Worrell as common source of title and it is a question only whether title passed under the tax sale in 1894. (2) There is no merit in plaintiff's contention over the spelling of the name Francis. It would not be a material defect whether spelled Francis, Frances or Fransas. Skillman v. Clardy, 255 Mo. 590; Williams v. Sands, 251 Mo. 147; Maier v. Brock, 222 Mo. 97; Green v. Meyers, 98 Mo. App. 438; Davison v. Life Assn., 166 Mo. App. 625.

GRAVES, P. J.—Action to quiet title to the northwest quarter of section 9, township 25, range 15, in Douglass county, Missouri. The petition is in the usual form under the statute, with the exception that in it the plaintiff adds: "and upon the finding that the fee title is in the plaintiff, that the court set aside and for naught hold the following deeds of conveyance under which the defendant claims, to-wit: (Here follows a description of a number of deeds in defendant's chain of title).

The answer is likewise a little out of the usual line under the statute, and reads:

"Defendant for amended answer to plaintiff's petition denies each and every allegation therein contained, and for further answer to plaintiff's petition says that one link of the chain of title through which he claims the lands in said petition of plaintiff described, to-wit, the northwest quarter of section 9,

township 25, range 15, in Douglas county, Missouri, is a tax deed, dated the 27th day of September, 1894; that said tax deed is based on a judgment rendered in the case of the State of Missouri at the relation and to the use of J. W. Singleton, collector of the revenue of Douglas county, Missouri, v. Francis M. Worrell, at the March term, 1894, of the Douglas County Circuit Court; that said tax deed and the execution and judgment upon which said deed is based show the true description of the said land, to-wit, the northwest quarter of section 9, township 25, range 15, but the petition and back tax bill upon which the judgment in said cause is based have been changed and altered since said judgment was rendered, so that said petition and back tax bill, instead of showing the correct description of said lands as above described, show them to be the northwest quarter of section 9, township 25, range 16; that the date of the service of the summons by the sheriff in said cause shows to have been changed, altered or erased since the rendition of said judgment, so that the said return of the sheriff does not show to be a legal and sufficient service to base a judgment on, and that the publisher's affidavit to the sheriff's notice of sale shows to have been altered and changed since said judgment was rendered and now shows said notice to have been published, commencing on August 30th and ending on September 13, 1894, instead of the correct dates which said notice was published, to-wit, August 30th, September 6th, September 13th and September 21, 1894. Defendant further says that he is the owner in fee simple of said lands above described, and that plaintiff claims some right, title or interest in said lands adverse and prejudicial to the title of defendant.

"Therefore the defendant prays the court to try, ascertain and determine the right, title and interest of plaintiff and defendant, respectively, in and to the lands herein described, and especially to hear and determine all matters and things, erasures, changes,

alterations and mutilations that may appear in the tax proceedings above set out, and by its decree adjudge the title to said lands to be in defendant and that this plaintiff hold nothing on account of the title as set up and claimed in his petition, and for all proper relief.''

Reply, a general denial.

It was admitted that the common source of title was Francis M. Worrell.

Plaintiff introduced a warranty deed from Francis M. Worrell to Harrison Williams, of date February 15, 1892, but recorded October 19, 1910. In the meantime, i. e., between the date of the deed and the date of the record, two tax suits had been brought and the lands sold or attempted to have been sold, under judgment in these cases.

Defendant undertakes to dereign his title through one or both of these tax proceedings. The fight thus centered below, and must so center here. The contentions, *pro* and *con*, as to the validity of these proceedings will be noted in the opinion. The lands appear to be wild and uncultivated lands. This sufficiently states the case.

I. It is suggested in the brief for respondent, that the judgment should be affirmed because the appellant has not brought to this court in his abstract all the evidence. This, upon the theory that the action is one in equity. The abstract of record is a little peculiar, in that it sets out what purports to be the substance of the evidence in places, and then in other places sets out the full questions and answers. We have gone over the record thoroughly, and conclude that the abstract is sufficient, even under our rule in equity cases. There is no counter abstract of record, nor is it pointed out what evidence has been left out. This contention is ruled against respondent.

Abstract.

II. A vital point in defendant's case is the tax proceeding which terminated in a default judgment at the March term of the Douglas Circuit Court for the year 1894. It will be noted that it is in this proceeding that defendant charges that the records have been changed, and asks the circuit court to so find. It is charged by the defendant that the number of the range had been changed both in the petition, and in the tax bill, and further that the date of the service of the summons upon the defendant in the tax suit had been changed. The trial court found for the defendant as to the changes in the tax bill and the petition, and found that it had been changed after entry of judgment. By our order the original files in this tax case have been forwarded to this court, and we have examined the same. As to these findings aforesaid we are not disposed to criticize the ruling of the trial court. There was sufficient evidence to justify such findings. On the question of the alteration of the date of the return the trial judgment says:

*Sheriff's Return: Idem Sonans: Francis M. Worrel and Franas W. Warroels.*

"The sheriff's return on the summons in said suit has been altered and changed till it is impossible to determine what was the correct date of service, but the court finds from the evidence that the service in said suit was made in due time, and the court finds that the publisher's affidavit to the sheriff's sale notice under the execution has been changed and erased since the rendition of said judgment, but that said notice was duly published as the law directs and for the proper number of times."

To go into the details, it should be said that these files in the tax proceeding show: (1) A tax bill made out by the proper officer in which it is stated that the owner's name was "Abe Manning;" (2) a petition upon this tax bill, in which the defendant is named as "Francis M. Worrel;" (3) a summons directed to "Francis

M. Worrel;'' (4) a service of said summons thus returned: ''Executed the within writ in the county of Douglas and State of Missouri, on the 18th day of March, 1894, by *delivering* copy of *petition* and summons to *Franas W. Warroels;*'' (5) special execution in which the name ''Francis M. Worrel'' is used; (6) sheriff's return of levy and sale which shows that he seized and levied upon the ''N. ¼—9—25—15, and did sell the above land on 26th day of September, 1894, for $12.05, not satisfied.'' Notice of sale under special execution in which the name ''Frances M. Worrel'' is used; and (8) a sheriff's deed in which the name Francis M. *Worrell* is used.

It will be noted that in places the name ''Worrel'' is sometimes used with one ''l'' and at others with two ''l's''. This we take it is not at all vital. It should be borne in mind that respondent placed all these records and papers in evidence. If they impeach the judgment of the court in the tax proceeding, he has furnished the impeaching evidence. In these files it appears that the judgment ran against Francis M. Worrel. The execution so recites the judgment There was no answer in the files, and the tax judgment was evidently one by default. It is so treated throughout the case.

The first suggestion by this record is, whether or not the court had jurisdiction over Francis M. Worrel in this tax proceeding. The data as to the tax proceeding we have taken from the original files therein, and whilst they differ from statements made in the briefs, they are correct. The returns of the sheriff upon the summons is made with pencil instead of pen, yet it is clear that there has been no change therein, unless it might be as to the date of the service, and for the question we now have in mind, that matter is immaterial.

It is a rule of long standing in this court that the recitation in a tax judgment of the fact that the defendant has been duly served with process may be

impeached by other portions of the judgment roll. Of course, the judgment bears the presumption of correct recitations, until such time as the incorrect recitations are made to appear by other portions of the judgment roll of equal dignity. The return of the sheriff is a portion of the judgment roll and is at least of equal dignity. In fact, this return of service is recognized as of greater dignity than the recital of the service in the judgment itself. [Milner v. Shipley, 94 Mo. l. c. 109.] Speaking in that case of an order of publication (constructive rather than actual service, which as to the rule here involved is the same) BLACK, J., said:

"If there is any conflict between the recitals in the judgment, as to the terms of the order, and the order itself, the latter must control, for a recital of the order must yield to the order itself. [Crow v. Meyersieck, 88 Mo. 411.]"

In Williams v. Monroe, 125 Mo. l. c. 584, GANTT, P. J., thus summarizes the rule:

"But this doctrine, when rightly understood, does not in the least shake the authority of those decisions in this State which hold that, although the record of a court of general jurisdiction recites that defendant have been duly served with process, it is competent to overthrow such recital by showing by other portions of the record of equal dignity, and importing equal verity, that such recital of service is not true. [Cloud v. Pierce City, 86 Mo. 357; Laney v. Garbee, 105 Mo. 355; Milner v. Shipley, 94 Mo. 106; Bell v. Brinkmann, 123 Mo. 270; 1 Freeman on Judgments (4 Ed.), sec. 125; Higgins v. Beckwith, 102 Mo. 456.]"

In the early case of Cloud v. Inhabitants of Pierce City, 86 Mo. l. c. 366, this question was fully threshed out by SHERWOOD, J., in an opinion concurred in by the full court. In that case the judgment as in this case recited personal service on the defendant. The court there said:

264Mo15

''But it is strenuously insisted that the judgment, in any event, is not open to collateral attack for several reasons which I will presently notice.  It will be assumed as a basis for the discussion of the reasons offered by plaintiff in support of the judgment recovered by him, that where the record of a court of general jurisdiction is silent, and nothing appears thereon showing lack of jurisdiction, jurisdiction, as a matter of law, will be presumed when collaterally called in question.  [Huxley v. Harrold, 62 Mo. 516, and cases cited.]  'Nothing shall be intended to be out of the jurisdiction of a superior court, but which specially appears to be so.'  [Peacock v. Bell, 1 Saund. 73.]  The record recites that the 'defendants have been duly served with process at least fifteen days before the first day of this term.'  The best considered cases, and numbers of them, hold, notwithstanding such jurisdictional recital, that it is competent to overthrow and countervail it by other parts of the record of equal dignity and importing equal verity that such recital is untrue.  [Wells on Jurisdiction, secs. 82, 87, and cases cited; Harris v. Lester, 80 Ill. 307; Coit v. Haven, 30 Conn. 190; Freeman on Judgments, secs. 24, 25; Granger v. Clark, 22 Me. 128; Prince v. Griffin, 16 Iowa, 552; 2 Smith's Lead. Cases, 842; Hewitt v. Weatherby, 57 Mo. 276; Harris v. Hardeman, 14 How. 334, and cases cited; Raley v. Guinn, 76 Mo. 263.]  The return of the sheriff is a part of the record itself and may, where radically defective, be used to rebut the presumption arising from recitals of service contained in other portions of the record.  But so far as concerns courts of general jurisdiction, and of that class I now speak, it matters not whether such recitals be made of record or not.  They add nothing to the verity which attends as an inseparable incident such records.  [Coit v. Haven, supra; Freeman on Judgments, sec. 132.]''  Later in the same case the learned jurist quotes Freeman on Judgments (4 Ed.), as follows:

"On this point, Mr. Freeman observes: 'But no presumptions in support of the judgment are to be allowed in opposition to any statement contained in the record. If an act be stated in the roll as having been done in a specified manner, no presumption arises that at some future time the act was done in a more efficient manner. If it appear that the process was served in a particular mode, no other and different service can be presumed. To indulge such a presumption would be to contradict the record, which imports absolute verity. When, therefore, the record shows that certain steps were taken to procure jurisdiction and the law does not consider those steps sufficient, the judgment will be regarded as void for want of jurisdiction over the defendant.' [Freeman on Judgments, sec. 125.] And the learned author, after referring in a subsequent section to the cases in California, already noticed, speaks of them as having carried 'the effect of jurisdictional findings to its utmost limit, and further, perhaps, than is justified by the more recent adjudications,' and then, after reiterating, in substance, the doctrine already quoted, says: 'Generally the recital of jurisdiction or of service of process contained in the judgment will be construed in connection with the whole record and will be deemed to refer to the kind of service shown by the other parts of the record. . . . If an attempt at notice appears in the record the finding, if a general one, refers to and is limited by such attempted notice.' [Ibid., 130.] This view of the law, as to the probative force of such general recitals, finds ample support elsewhere. [Mickel v. Hicks, 19 Kan. 578; Mayfield v. Bennett, 48 Iowa, 194.]"

To like effect is Laney v. Garbee, 105 Mo. l. c. 358 et seq., and Higgins v. Beckwith, 102 Mo. 456.

The return of the sheriff in this tax case fails to show that the court ever acquired any jurisdiction over Francis M. Worrel, the defendant therein. It

requires no citation of the cases to show that "Franas W. Warroels" and "Francis M. Worrel" are not *idem sonans*. Neither by ear nor eye could they be said to be the same. By no stretch of sound could we say that they were similar. If they are not *idem sonans,* and they are clearly not, then under all the record in this case there was no service upon Francis M. Worrel, and the tax judgment relied upon by respondent is void for want of jurisdiction in the court which rendered it.

III. The foregoing determines the case against defendant, because, if the title has never passed from Francis M. Worrel, except by the deed to plaintiff, the defendant's title fails. If the judgment was void for want of service the record title of Francis M. Worrel failed to pass in the tax case. Such judgment is void for want of service. Had we a record where John Jones was sued and Jim Smith was served, it would not be a stronger case than the one at bar. Smith having no interest in the property could well say, "I will make default, because it will not hurt me," but if he does, it does not bind Jones, who was never served with process.

But there is another fatal link in defendant's case. The notice of sale is bad. This notice of sale recites a judgment against *Frances* M. Worrel, and not *Francis* M. Worrel. We do not think in a matter of this kind that the doctrine of *idem sonans* can rescue the case for defendant. Here we have two words absolutely independent in meaning, one indicating the feminine gender, and the other the masculine gender. A judgment against Frances M. Worrel or a notice to the same, is a judgment and notice as to a woman and not a man. We hardly think the doctrine of *idem sonans* can or should be invoked when two very similar words are used to express a difference of sex, and to thus pecu-

*Idem Sonans: Francis and Frances.*

liarly distinguish one individual from another. The tax deed failed under this notice.

There are one or two other errors in the case that might demand consideration, but in the light of the foregoing we do not deem it necessary to go further. It is clear that the tax deed relied upon by defendant, above discussed, is void, and the judgment *nisi* is wrong. Judgment should have gone for the plaintiff. Let the judgment be reversed and the cause remanded, with directions to enter judgment for plaintiff in accordance with his petition.

All concur; *Bond* and *Blair, JJ.*, in result.