# Decisions of the Supreme Court of Missouri,

## FAYETTE DISTRICT, APRIL TERM, 1828.

---

### Kean v. Newell.

Declarations made by a Sheriff, previous to the day of sale of property taken in exe-cution, that the sale would be fraudulent on account of a mortgage which one W. held on the property, are inadmissible to defeat the title of a *bona fide* purchaser of the property at the Sheriff's sale. No declarations made by a vendor, except those made at the time of the sale, are admissible to defeat the title of an innocent purchaser.

### ON APPEAL from the Boone Circuit Court.

Wash, J., delivered the opinion of the Court.

This was an action of replevin, originally commenced by Newell, the appellee, against Kean, the appellant, in the Pike Circuit Court, and removed by change of venue into the Boone Circuit Court, where Newell had judgment, which this Court reversed. The cause was remanded, and upon the second trial, Newell again had judgment, from which Kean now prosecutes his appeal in this Court. The pleas are, first, *non cepit;* second, property in one Bates; third, property in the defendant; upon which issues of fact were taken and tried. All the evidence given on the trial is preserved by bills of exception, of which a small portion only, need now be stated.

The defendant claimed the property in dispute, by virtue of a purchase from one Longmire, who purchased from one Bates, who purchased on the 4th of September, 1823, of the Sheriff of Ralls county, at a public sale of Newell's property, had by virtue of two executions, which are set out in the record.

To invalidate the defendant's title, the plaintiff attempted to show that the Sheriff's sale was fraudulent, and that Bates, Longmire and Kean, either participated in, or were cognizant of the fraud at the time of their respective purchases; and introduced

Kean *v.* Newell.

much evidence, conducing to establish the fraud.   Amongst other things, certain declarations of the Sheriff made to one Vallandingham before the sale, "that the sale (10) would be fraudulent on account of a mortgage which one White held upon the property, and that he (the Sheriff) wished Vallandingham to inform his neighbors of the fact and request them not to bid, &c., which were objected to by the defendant.   The plaintiff was permitted also to read in evidence, an agreement entered into between the defendant and Longmire, long after the commencement of this suit, by which the mare in dispute was put into Longmire's possession, to await the issue of the suit; and for which, if the plaintiff succeeded, Longmire was to pay Kean thirty-eight dollars, and Kean to pay half the costs.   And if the defendant succeeded, Longmire was to re-deliver the mare to him," &c.   To the reading of which the defendant objected.

Before the jury retired, the defendant by his counsel moved the Circuit Court to instruct the jury to disregard the declaration of the Sheriff made to Vallandingham, that the sale would be void, &c., which the Court refused to do; but instructed the jury that they might take them in connection with the other facts proven, to ascertain whether or not there was fraud in said sale; and that if the facts thus established satisfied them there was a fraudulent sale, then they must find that such fact was known to the defendant, Kean, and all persons through whom the property in dispute passed from the Sheriff, in order to find a participation on the part of the defendant Kean; and that if they found the facts proven constituted the Sheriff's sale fraudulent, and that Bates, Longmire and Kean participated in the fraud, or were cognizant of the facts thus established, at the time of their respective purchases, it was sufficient to warrant them in finding for the plaintiff.   Which instructions and opinion were excepted to by the defendant.   It is assigned for error, amongst other things: First.   That the Court erred in permitting the Sheriff's declaration to Vallandingham to go to the jury; Second.   In permitting the agreement between Longmire and Kean to be read in the evidence; and Third.   In referring to the jury the question of fraud.   On each of these points the law is with the defendant.   It is true in the general that no declarations of the vendor, except those made at the time of sale, are good evidence to invalidate the title he has passed away.   1 *Esp. Rep.* 357.   See 2 *Philip's Evi.* 215; *Hay N. C. Rep.* 397.   And Sheriffs' sales, above all others, should not be defeated by such means.   The agreement between Longmire and Kean was altogether irrelevant, and ought not to have been read in evidence.   The jury are to (11) find the facts, but whether the facts when found constituted fraud or not, the Court must determine.   It was therefore error in the Circuit Court to give the instructions above referred to.   A slight circumstance appearing from irrelevant or illegal testimony, might be sufficient to raise the belief that the sale was fraudulent.

The jury must find the facts that constitute the fraud, that the Court may see and determine whether, in law, they amount to fraud.

A verdict finding a transaction fraudulent, and that the plaintiff or defendant participated in the fraud, should be set aside and disregarded, unless such specific facts were found as would enable the Court to see and pronounce upon the fraud.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings in conformity to this opinion.

M'GIRK, C. J., dissenting.

I concur with the Court in this opinion, except so far as relates to the question of fraud; and as to that matter I think the Circuit Court committed no error.