Bersch v. Schneider.

——————

BERSCH, Respondent, v. SCHNEIDER, Appellant.

1. A judgment rendered by a justice of the peace is void unless it appears on the face of the proceedings that the justice acquired jurisdiction of the cause by service of process on the defendant or by his appearance.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action (originally commenced before a justice of the peace) on a due bill or non-negotiable promissory note

for one hundred dollars executed by defendant Schneider in favor of one George Woldsmith and assigned by said Woldsmith to the plaintiff, Bersch. At the trial the plaintiff introduced in evidence the note and proved the assignment to himself. The defendant then introduced in evidence certain entries from the docket of Samuel Treadway, a justice of the peace in St. Louis county, in a case wherein Caspar Stalle, Henry Schneipel and Jerome Downey were plaintiffs, and George Woldsmith and Jacob Hoch defendants. From these entries it appeared that a judgment was rendered for plaintiffs against the defendants Woldsmith and Hoch for $89.80. It did not appear that the defendants or either of them had been served with process, or had appeared to the suit. It also appeared that two several executions had issued against defendants, and that under the last execution Schneider was garnished as a debtor of Woldsmith, and that judgment was rendered against him as garnishee for the amount of the note in controversy in the present suit.

At the instance of the plaintiff the court gave the following instructions : " 1. A judgment entered up against Schneider by Justice McDonald in favor of Caspar Stalle upon said Schneider's being summoned as shown in the return of the execution issued by Justice Treadway, is no bar to the plaintiff's recovery in this suit. There is no judgment upon which the executions read in evidence could issue. 2. There is no judgment in favor of Caspar Stalle, Henry Schneipel and Jerome Downey, plaintiffs in the execution upon which Schneider was garnished, against said Schneider. 3. There is no judgment in favor of Caspar Stalle, Henry Schneipel and Jerome Downey against George Woldsmith and Jacob Hoch upon which the executions read in evidence could issue. 4. The plaintiff is entitled to recover the full amount of the note sued on with interest."

The court found for plaintiff.

*C. C. Simmons*, for appellant.

*Bay*, for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

The defence set up to defeat a recovery on the note is that a judgment had been recovered against the defendant in a garnishment proceeding under an execution issued on a judgment rendered by Justice Treadway in favor of Caspar Stalle and others, against George Woldsmith, the payee and assignor of the note. The merits of the defence must depend on the validity of the original judgment, for the proceedings that followed after the defendant was garnished can not be upheld unless there was a valid judgment to support them and to authorize the execution. The transcript of Justice Treadway does not show that the defendant appeared, or that process was ever issued or served; and consequently he did not obtain jurisdiction over the defendant, and the proceeding was *coram non judice*. Jurisdiction will be presumed as to courts of general authority, but as to inferior courts the rule is different, and those who claim rights or exemptions under their proceedings must show their jurisdiction. (State v. Metzger, 26 Mo. 65.)

The defendant necessarily relied on the first judgment to sustain the subsequent proceedings under it, and as it was rendered, so far as the transcript shows, without process or appearance, it is void. (Biglow v. Stearn, 19 John. 39.) The judgment will be affirmed; the other judges concurring.