WALTER W. WRIGHT, Respondent, v. CHARLES CLEVELAND, Appellant.

Kansas City Court of Appeals, November 6, 1911.

1. JUSTICES OF THE PEACE: Pleading: Amendment. Plaintiff sued defendant in the justice court by filing a check signed by him which the defendant had cashed. On defendant's objection to the sufficiency of the complaint plaintiff filed an amended statement alleging a loan from plaintiff to defendant. Defendant's motion to dismiss the amended complaint as stating a new and independent cause of action, filed in the justice court and renewed in the circuit court, was properly overruled.

2. ———: ———: ———. Under section 7413, R. S. Mo. 1909, it is permissible to file a statement where none has been filed; or if a statement is insufficient or defective it may be amended in the justice court before the jury is sworn or the trial commenced.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*Phillips & Phillips* for appellant.

(1)  Under the utmost liberal rule there must be some statement filed before process.  Brashers v. Stock, 46 Mo. 221.  The law does not require formal pleadings before a justice of the peace, but does not permit plaintiff to decide after process upon what to base his suit.  There can be no amendment of a nullity.  Nichols v. Hicklin, 127 Mo. App. 676; McCrary v. Good, 74 Mo. App. 425; Jarrett v. Mohan, 142 Mo. App. 29.  (2) In order to confer jurisdiction there ought to be filed a statement sufficient to apprise the opposite party of the nature of the suit, and to bar another suit upon the same cause of action.  The check would not do it.  It was an absolute nullity and would not be a bar to another suit.  A check could not import any cause of action or respondent against appellant.  State v. Murphy, 141 Mo. 269; Bank v. Newman, (Idaho), 21 L. R. A. (N. S.) 704; Daniels on Negotiable Instruments (2 Ed.), p. 1646.

*F. E. Murrell* for respondent.

BROADDUS, P. J.—This suit was commenced before a justice of the peace where it was tried and plaintiff recovered judgment from which defendant appealed to the circuit court where it was tried anew and plaintiff again recovering the defendant again appealed.

The plaintiff instituted suit by filing a paper, viz:

"MOBERLY, MO., Nov. 18, 1908.

MERCHANTS SAVING BANK.     No. 791.

Pay to Chas. Cleveland or order Twenty-five Dollars, ($25).

W. W. Wright."

The bank paid to the defendant the amount called for in the check.  When the case was called in the justice court defendant filed a motion to dismiss

for want of a sufficient statement of plaintiff's cause of action, whereupon plaintiff filed the following statement, (omitting caption): "Plaintiff for his cause of action states that on the 18th day of November, 1908, at Moberly, Mo., plaintiff lent to defendant twenty-five dollars, which sum defendant agreed to pay him on the—day of December, 1908; that plaintiff has demanded payment of said sum from defendant, but no part thereof has been paid and the whole is now justly due plaintiff. Whereupon plaintiff prays judgment for twenty-five dollars, with interest from the 9th of March, 1910." Upon the filing of the amended statement defendant filed a motion to dismiss because it was not an amendment of the statement theretofore filed, but a statement of a new independent cause of action; and because plaintiff failed to file any statement of his cause of action before process issued herein, as required by law. On appeal in the circuit court the motion to dismiss for the same causes was renewed which the court overruled, whereupon the parties went to trial which resulted in a judgment for plaintiff.

The check filed with the justice before process was issued was in effect no statement at all. It did not evidence a loan or an indebtedness of any kind and under former decisions was not a subject for amendment. [Brashears v. Stock, 46 Mo. 221.] But under section 3853, Revised Statutes 1899, now section 7413, Revised Statutes 1909, it is permissible to file a statement where none has been filed or where the statement is insufficient or defective it may be amended in the justice court before the jury is sworn or the trial commenced. Section 7413 was enacted for the purpose of liberalizing proceedings before justices of the peace and curing such defects as appellant is here complaining of. Affirmed. All concur.