Wells v. Wells.

---

ELIZABETH WELLS et al. v. JAMES B. WELLS et al.; ORVILLE UPSON, Appellant.

Division Two, July 5, 1919.

1. **JURISDICTION: Collateral Attack: Return in Another Case.** In a partition suit a defendant, whose interest in the land was sold upon execution under a default judgment rendered in another circuit court, has the right to offer the sheriff's return in that case in evidence, for the purpose of showing that the court did not acquire jurisdiction over the persons of the defendants therein, because of insufficient service of the summons.

2. ————: **Sheriff's Return: Words Understood.** If the sheriff's return recites that he left a copy of the writ and petition "with a person family" of said defendants, the words "of the" will be understood between "person" and "family," so that it would read "with a person of the family" of defendants.

3. ————: ————: **Service Upon Husband and Wife.** If the defendants are husband and wife, and cannot be found in the county, it is proper for the sheriff to leave a copy of the petition and writ, and a copy of the writ, "with a person of the family" of said defendants, at their usual place of abode, over fifteen years of age. One such person, in contemplation of the statute, represents both defendants.

4. ————: ————: ————: **Copies for Each.** Where the defendants are husband and wife and cannot be found, the leaving of copies of the petition and writ for one, and a copy of the writ for the other, with some person of the family of said defendants, over fifteen years of age, at their usual place of abode, is all that the statute requires. If it could be construed to require such person to deliver a copy of the petition and writ to the first party served, and a copy of the writ to the other, still, in the absence of evidence to the contrary, it will be presumed that both the sheriff and said person did their duty.

5. ———: **The Return Adjudicated.** The sheriff's return recited: "I hereby certify that I executed the within writ in Lincoln County, Missouri, on 26th day of September, 1907, by leaving a copy of the writ and petition and a copy of the writ with a person family of said Emeline M. Wells and James B. Wells at their usual place of abode over the age of fifteen years." *Held,* sufficient to uphold a default judgment.

Appeal from Montgomery Circuit Court.—*Hon. J. D. Barnett,* Judge.

AFFIRMED.

*Sutton & Huston, H. W. Johnson* and *A. H. Drunert* for appellant.

(1)   The sheriff's return upon the summons in Farmers & Mechanics Savings Bank v. Emeline M. Wells and James B. Wells does not show that a copy of the writ and petition was left at the usual place of abode of the first party summoned with a person of the family of such party, and does not show that a copy of the writ was left at the usual place of abode of the party subsequently summoned with a person of the family of such party, and such return is wholly insufficient to support a default judgment.   Gamasche v. Smythe, 60 Mo. App. 163, 165; Madison County Bank v. Suman, 79 Mo. 531; Laney v. Garbee, 105 Mo. 359; Blanton v. Jamison, 3 Mo. 53;   Stewart v. Stringer, 41 Mo. 404;   Colter v. Luke, 129 Mo. App. 706;   Rosenberger v. Gibson, 165 Mo. 23; Smith v. Rollins, 25 Mo. 408;   Nathan v. Oil Co., 187 Mo. App. 564;   Nelson v. Railroad Company, 225 Ill. 197, 205;   Bimeler v. Dawson, 4 Scam. (Ill.) 431; Bicknell v. Herbert, 20 Hawaii, 132, 233 U. S. 70;   Thomas v. Thomas, 96 Mo. 223; Harris v. Hardeman, 14 How. (U. S.) 334; Berryhill v. Sepp, 106 Minn. 458;   Enewold v. Olsen, 39 Neb. 59;   Harness v. Cravens, 126 Mo. 247, 249; Real Estate Company v. Catering Company, 175 Mo. App. 684, 267 Mo. 340;   State ex rel. Coleman v. Blair, 245 Mo. 680; South Missouri Pine Lumber Co. v. Carroll, 255 Mo.

357; Orchard v. Smith, 193 S. W. (Mo.) 578; Slocomb v. Bowie, 13 La. 10; Fuller v. Caldwell, 3 Minn. 117; Hickman v. Barnes, 1 Mo. 156; Sweet v. Sanderson Brothers Steel Co., 6 Civ. Proc. R. (N. Y.) 69; Taylor v. Pridgen, 3 Wilson, Civ. Cas. Ct. App. sec. 89; Sec. 1760, R. S. 1909. (2) The return not showing actual service upon the first party summoned, by a delivery to such party in person of a copy of writ and petition, constructive service of the party subsequently summoned was not authorized by the statute except by delivery of a copy of both the writ and petition, and the return is on this ground wholly insufficient to support a default judgment. Sec. 1760, R. S. 1909.

*John L. Burns* for respondents.

(1) The service of writs in case of Farmers and Mechanics Savings Bank against Emeline M. Wells and James. B. Wells was personal service. Mattocks v. Van Asmus, 180 Mo. App. 404, 406. (2) The return in question clearly shows that a copy of the petition and writ and a copy of the ·writ were duly and properly served, and that there was a substantial compliance with the statute. Collier v. Lead Co., 208 Mo. 269; State ex rel. v. Still, 11 Mo. App. 283; Howard v. Still, 14 Mo. App. 583; Ables v. Webb, 186 Mo. 246; Scharff v. McGaugh, 205 Mo. 353. (3) The sheriff's return should be given a reasonable construction. Collier v. Lead Co., 208 Mo. 269; Ables v. Webb, 186 Mo. 246; Dunham v. Wilfong, 69 Mo. 355; McMillon v. Harrison, 29 L. R. A. (N. S.) 946; Keith Bros. v. Stiles, 92 Wis. 19; Davis v. Jacksonville Line, 126 Mo. 76; Phillips v. Evans, 64 Mo. 17; Great Northern Hotel Co. v. Farrand, 90 Ill. App. 314; Cloyes v. Phillip, 149 S. W. 549; Bruce v. Cloutman, 45 N. H. 37. (4) It is presumed that public officers perform their duties rightly and properly. Collier v. Lead Co., 208 Mo. 272; State ex rel. Wilson v. Mastin, 103 Mo. 508; Hammond v. Gordon, 93 Mo. 233; Adams v. Cowles, 95 Mo. 501;

Evans v. Robberson, 92 Mo. 198; Owen v. Baker, 101 Mo. 407. (5) Defect, if any, in the sheriff's return is cured by the Statute of Jeofails. Secs. 2119, 2120, R. S. 1909; Muldrow v. Bates, 5 Mo. 214; Weil v. Simmons, 66 Mo. 619; Blaisdell v. Steamboat, 19 Mo. 157; O'Toole v. Lowenstein, 177 Mo. App. 662; Crouchon v. Brown, 57 Mo. 38. (6) The recital in the judgment that both defendants were legally served is conclusive upon the parties in a collateral proceeding. Hardin v. Lee, 51 Mo. 245; Dunham v. Wilfong, 69 Mo. 358; Thompson v. Chicago S. F. Ry. Co., 110 Mo. 147; Freeman on Judgments, sec. 130; Adams v. Cowles, 95 Mo. 501; Draper v. Bryson, 71 Mo. 71; Jones v. Bibb Brick Co., 120 Ga. 321; Leonard v. Sparks, 117 Mo. 103; State ex rel. Kenamore v. Wood, 155 Mo. 470. (7) A broad distinction is drawn between cases where there is no service on defendant and those in which service is in some respect deficient or irregular. In the latter cases jurisdiction attaches subject to be defeated by objections to the irregularity interposed in season in some direct manner. Leonard v. Sparks, 117 Mo. 109; State ex rel. Kenamore v. Wood, 155 Mo. 470; Ellis v. Nuckols, 237 Mo. 290; Conners v. St. Joe, 237 Mo. 612; Jasper Co. v. Wadlow, 82 Mo. 172; State v. Wear, 145 Mo. 194; Cruzen v. Stephens, 123 Mo. 337; Freeman on Judgment, sec. 126.

RAILEY, C.—This is an action for the partition of 240 acres of land in Montgomery County, Missouri. The original petition was filed March 18, 1914. On January 2, 1915, an amended petition was filed, and upon which the cause was tried. After describing the land, the petition alleges that L. B. R. Wells, deceased, by his last will devised said real estate to his wife, Mary S. Wells, for life, with remainder to his grandchildren, Alice Dothage, W. S. Wyatt, Frank R. Wyatt, Harry D. Wyatt and Mary E. Wyatt, and his children, James B. Wells, John T. Wells, Elizabeth Wyatt, Alice McCune, and Martha Wyatt, subject to advancements,

the grandchildren taking one share between them and the children taking each one share; that said James B. Wells conveyed his undivided one-sixth interest in said real estate to James M. McLellan; that said McLellan died testate, and by his will devised said one-sixth interest to Emeline Wells; that on April 25, 1914, Emeline Wells and James B. Wells, her husband, conveyed said undivided one-sixth interest to Orville Upson, said deed being filed for record July 21, 1914; that on May 1, 1914, W. H. Verser, sheriff of said county, conveyed by sheriff's deed to Charles Martin, trustee, all the right, title and interest of Emeline Wells and James B. Wells in and to said real estate, under an execution against them, which said deed was recorded in said county; that the plaintiffs and defendants are seized as tenants in common of said real estate; that the latter is not susceptible of partition in kind, and that the plaintiff, Mary S. Wells, consents that the lands be sold for the purposes of partition; and prays that the court will declare and determine the title to said real estate, adjudge partition and sale of same, and order distribution of the proceeds of said sale amongst the parties according to their respective rights and interests.

On January 25, 1915, Charles Martin, trustee, filed an answer to the second count of said amended petition, and after practically admitting the general title as alleged in the petition, except as hereafter stated, claimed to be the owner of said one-sixth interest in said real estate by virtue of the sheriff's deed aforesaid. He alleges that said deed is predicated upon an execution, which was based on a judgment rendered October 16, 1907, in the Lincoln County Circuit Court, in favor of the Farmers & Mechanics Savings Bank, against Emeline M. Wells and James B. Wells, for $686.50 debt and $8.80 costs, etc. The answer denied every other allegation in said second count of the petition.

Orville Upson, on April 27, 1915, answered and alleged therein that the interest owned by James B.

Wells, in the estate of his deceased father, which is sought to be partitioned in this cause, was by said James B. Wells and wife sold and conveyed to James B. McLellan; that afterwards, the latter, by his will, devised said real estate to Emeline Wells; that the latter and her husband conveyed said property to defendant Orville Upson, who claims to be the owner of same, and denies that said bank, or Charles Martin, as trustee, has any interest therein.

Charles Martin, trustee, at the trial, offered in evidence the sheriff's deed aforesaid, dated May 1, 1914, purporting to convey to him, as trustee, the interest in said land of Emline M. Wells, and James B. Wells. Orville Upson objected to said deed, on the ground that the Circuit Court of Lincoln County had no jurisdiction or authority to render the judgment upon which execution was issued and said real estate was sold. This objection was overruled and an exception saved.

Orville Upson then introduced in evidence a certified copy of a petition entitled, "Farmers and Mechanics Savings Bank, Plaintiff, v. Emeline M. Wells and James B. Wells, Defendants." The suit was based on a note for $2500. There was a credit on said note, dated January 14, 1907, for $1450, and a further credit of $600 thereon, dated February 21, 1907. The summons offered in evidence, was in usual form, and directed the sheriff to summon Emeline M. Wells and James B. Wells. The sheriff's return was offered in evidence, and reads as follows:

I hereby certify that I executed the within Writ in Lincoln County Missouri on the 26th day of September, 1907, by leaving a Copy of the Writ and petition and Copy of the Writ with a person family of said Emeline M. Wells and James B. Wells at their usual place of abode over the age of fifteen years.

J. W. GENTRY,
Sheriff of Lincoln County, Mo.

A default judgment was rendered on May 16, 1907, based on the sheriff's return aforesaid, and in which the bank is named as plaintiff and Emeline M. Wells and James B. Wells are named as defendants.

Orville Upson also introduced in evidence a deed from James B. Wells and Emeline M. Wells, to James M. McLellan for the land aforesaid, dated July 11, 1908. The same defendant also offered in evidence the last will of James M. McLellan in which the above land was devised to his daughter, Emeline M. Wells. He further introduced in evidence the deed of Emeline M. Wells and James B. Wells, her husband, to himself, dated May 7, 1914.

The trial court found the issues against Orville Upson, and in favor of Charles Martin, trustee, and so entered as a part of its decree. Orville Upson filed his motion for a new trial, which was overruled and the cause duly appealed by him to this court.

Charles Martin, trustee, died after the case was appealed to this court, and the action was duly revived in the names of his heirs, administrators and widow, to-wit, R. S. Martin, Charles S. Martin, Wm. C. Martin and Lucy C. Martin, heirs, Willie C. Martin, widow, and Willie C. Martin and Charles S. Martin, as administrators of the Charles Martin estate, who are now respondents and trustees for said bank.

The case before us hinges on the sheriff's return in the case of Farmers & Mechanics Savings Bank, plaintiff, v. Emeline M. Wells and James B. Wells, defendants, tried in the Circuit Court of Lincoln County, Missouri, on the 16th day of October, 1907, and in which a judgment by default was rendered in favor of the bank. If the return of the sheriff, supra, is held to be valid, it leads to an affirmance of the judgment. If, on the other hand, the return is held to be void, it will require the cause to be reversed and remanded.

Sheriff's Return.

I.   As this is a collateral attack, can it be legally held that the return aforesaid is void?

Section 1760, Revised Statutes 1909, which was in force at the time of the rendition of said judgment, and the sheriff's return aforesaid, as a matter of convenience, are placed in parallel columns:

**Section 1760.**
"A Summons shall be executed, except as otherwise provided by law, either: First, by reading the writ to defendant and delivering to him a copy of the petition; or, second, by delivering to him a copy of the petition and writ; or, third, by leaving a copy of the petition and writ at his usual place of abode, with some person of his family over the age of fifteen years; . . . "

**Sheriff's return.**
"I hereby certify that I executed the within Writ in Lincoln County, Missouri on 26th day of September, 1907 by leaving a Copy of the Writ and petition and Copy of the Writ with a person family of said Emeline M. Wells and James B. Wells at their usual place of abode over the age of fifteen years.
    "J. W. Gentry,
"Sheriff of Lincoln County, Mo."

a. It is manifest, that giving a plain and common-sense construction to the language of the return, the words "of the," should be construed as understood between "person," and "family," [Section 8057, R. S. 1909; Reid, Murdock & Co. v. Mercurio, 91 Mo. App. l. c. 679; Wolfe v. Dyer, 95 Mo. l. c. 551; Nichols v. Boswell, 103 Mo. 160; Thomson v. Thomson, 115 Mo. l. c. 67-8; Presnell v. Headley, 141 Mo. l. c. 191-2; Johnson v. Bowlware, 149 Mo. 451; Briant v. Garrison, 150 Mo. l. c. 667-8-9; Whitaker v. Whitaker, 175 Mo. l. c. 10-11-12; McMahan v. Hubbard, 217 Mo. l. c. 637-8.]

*Supplying Words.*

In discussing the legal effect of a constable's return, GOODE, J., in Reid, Murdock & Co. v. Mercurio, 91 Mo. App. l. c. 679, said: "Appellant's contention of insufficient service because the word *it* was left out of the return after the words *by reading,* will be disregarded as frivolous, the omission being obviously a clerical mistake."

In Thomson v. Thomson, 115 Mo. l. c. 67, SHERWOOD, J., speaking for Court in Banc, very clearly stated the principal of law which should apply in cases of this character, as follows: "In relation to supplying words where it is obvious that from the words used and the general tenor and context of the instrument certain words of their substance have been omitted, such words may be supplied by construction."

b. Treating the words "of the," as having been supplied between "person" and "family," the return in question would read as follows:

I hereby certify that I executed the within writ in Lincoln County, Missouri, on 26th day of September, 1907, by leaving a copy of the writ and petition and copy of the writ with a person of the family of said Emeline M. Wells and James B. Wells at their usual place of abode, over the age of fifteen years.

It is vigorously contended by counsel for appellant that the return, with the words ''of the,'' inserted as above, is *still* void, and that the Circuit Court of Lincoln County, Missouri, was without jurisdiction to render the judgment of 1907, in favor of the bank against Wells et al. It is insisted, that the return is void, because it ''does not show that a copy of the writ and petition was left at the usual place of abode of the first party summoned with a person of the family of such party, and does not show that a copy of the writ was left at the usual place of abode of the party subsequently summoned with a person of the family of such party.'' . . .

<span style="float:left">Other Cases.</span>

A large number of cases are cited under Proposition 1 of Appellant's Points and Authorities, in support of above contention. Upon a close analysis of the cases cited, we do not find *any* of them directly in point, nor do they deal with the facts of this case. We will consider the Missouri cases, quoted from in appellant's brief:

In Blanton v. Jamison, 3 Mo. 1. c. 53, the return read: ''I served the within summons on Benjamin Blanton, the defendant, by going to his house and leaving a true and attested copy of the summons and declaration with Lovel Harrison, a white person of said Blanton's family, above fifteen years of age, on the 23d day of September, 1829, in Hurricane Township, Lincoln County.''

The above return *failed* to show, *that the process was left at defendant's dwelling house or place of abode,* as required by the statute then in existence. In disposing of the subject, WASH, J., said: ''Every word of the return may be true, and yet the service may have

5—279 Mo.

been made in a manner very different from that prescribed in the statute.''

In Stewart v. Stringer, 41 Mo. l. c. 404-5, WAGNER, J., in discussing the return under consideration, said: ''The service and return were both plainly irregular and defective. The writ purports to have been delivered, according to the return, to one person, a white member of the family of both defendants at one and the same time. Now a person cannot be a member of two families at the same time, and it appears that but one writ was left for the two defendants, when the statute contemplates that a separate writ should be left for each of the defendants last served.'' The return shows that one writ was left with William Stringer for two persons of different names. If the two defendants had been husband and wife, and a copy of the writ and petition, and a copy of the writ, had been left with William Stringer, there is nothing in the opinion of the court to indicate that the service would have been held invalid.

In Madison County Bank v. Suman, 79 Mo. l. c. 530, cited by appellant, PHILIPS, J., said: ''The return in this case recites: 'with a member of the family of the within named Elizabeth Suman, administratrix, over fifteen years of age, at her last usual place of abode in the county of Barton,' etc. This service is not in conformity with the statute. Her last usual place of abode might not be her present place of abode.''

In Laney v. Garbee, 105 Mo. l. c. 359, there was only one defendant. The return did not show that the petition and writ were left ''at the usual place of abode'' of defendant. Of course it was held the return did not comply with the requirements of the statute.

In Gamasche v. Smythe, 60 Mo. App. l. c. 165-6, a foreign corporation was sued and Smythe was sought to be charged as garnishee. The service on defendant corporation was challenged, as being insufficient. ROMBAUER, J., on pages 165-6, in passing upon the return, said: ''It fails to show that the defendant had no office in this State, and does not state, either in direct terms or by unavoidable inference, that the summons

was served upon an officer or agent of the defendant in charge of any of its offices.''

In Colter v. Luke, 129 Mo. App. 702, cited by appellant, JOHNSON, J., held that a return of service on a member of the family, instead of on a person of the family, was good.

Upon a careful consideration of all the cases cited by appellant, we do not find a single one, which, in our opinion, sustains appellant's contention, that the return before us is void, or that it does not substantially comply with Section 1760, Revised Statutes 1909, heretofore quoted.

c.  We have also carefully examined and fully considered the cases cited in the brief of respondents, and aside from the general principles, discussed do not find that any of them in terms fit this case, although the general principles reviewed tend to support the validity of the return before us.

II.  While this is a collateral attack on the judgment of 1907, yet the defendant had the legal right to offer in evidence, as he did, the original return of the sheriff, in that case, for the purpose of determining whether the court acquired jurisdiction over the persons of Emeline M. Wells and James B. Wells, under the service aforesaid, attempted to be made on them.

Collateral Attack.

In Thompson v. Pinnell, 199 S. W. 1. c. 1013, Division One, in discussing the question under consideration, said: ''It is equally as well settled in this State that in a collateral proceeding the record, judgment, and files of a case in the circuit court may be examined for the purpose of ascertaining whether the court had jurisdiction of the person of defendant in said cause, and notwithstanding the judgment may assert, in general terms, that the defendant has been duly served with process, yet if it should appear from the return, or some other portion of the record of equal dignity, that the service *actually* had is invalid and no appearance en-

tered, the judgment of said court may be declared void for want of jurisdiction over the person of defendant. [Cloud v. Inhabitants of Pierce City, 86 Mo. 357; Crow v. Meyersieck, 88 Mo. 411; Milner v. Shipley, 94 Mo. 109, 7 S. W. 175; Adams v. Cowles, 95 Mo. 501, 8 S. W. 711, 6 Am. St. Rep. 74; Laney v. Garbee, 105 Mo. 355, 16 S. W. 831, 24 Am. St. Rep. 391; Hutchinson v. Shelley, 133 Mo. 412, 413, 34 S. W. 838; Norton v. Reed, 253 Mo. 251, 252, 161 S. W. 842, and cases cited: Arn v. Arn, 264 Mo. 42, 173 S. W. 1062; Williams v. Grudier, 264 Mo. 216, 174 S. W. 387; Levee Dist. v. Securities Co., 268 Mo. 663, 187 S. W. 855.]''

The authorities cited in the above case fully sustain the principles announced by the court. Hence, the default judgment rendered in favor of the bank against Mr. and Mrs. Wells, in 1907, hinges upon the validity of the sheriff's return aforesaid.

III. As it appears from the record that Emeline M. Wells and James B. Wells were husband and wife, it was proper for the sheriff to leave the writ and petition, and a copy of the writ, with a person of the family of Emeline M. Wells and James B. Wells, at their usual place of abode, over the age of fifteen years. This he did, as shown by the return before us. The sheriff performed his duty to the extent of his ability. The wife and her husband were to be served with process. He left with the person designated by statute, on whom service could be made, a copy of the writ and petition, for *one* of the defendants, and a copy of the writ for the *other* defendant. When this service had been performed, and the sheriff made his return in accordance with the facts, the court acquired jurisdiction over the persons of Emeline M. Wells and James B. Wells, whether they actually received the process or not. It would, in our opinion, be giving Section 1760, Revised Statutes 1909, an impractical and unreasonable construction, to require the sheriff, under the circumstances of this case, to state in his return any additional facts for the purpose of validating

<span style="font-variant: small-caps">Husband and Wife.</span>

same.  The *person* designated by the statute to whom the sheriff was to deliver the process, represented, in contemplation of law, Emeline M. Wells and James B. Wells.

IV.  It is evident from the return before us, that a copy of the *writ and petition,* for one defendant and a copy of the *writ* for the other defendant, were left with the *person* designated by the statute on whom
Copies for Each. service should be made.  Even if the statute should be construed to require the *person* to deliver to the first party served a copy of the writ and petition, and to deliver to the other defendant a copy of the writ, still, in the absence of evidence to the contrary, it will be presumed, in this collateral proceeding, that both the *sheriff* and *person* did their duty.  [Elrod v. Carroll, 202 S. W. l. c. 5-6; Hartwell v. Parks, 240 Mo. 543, and cases cited; Chlanda v. Transit Co., 213 Mo. l. c. 260-1; Yarnell v. Railway Co., 113 Mo. l. c. 579; Mathias v. O'Neill, 94 Mo. l. c. 528; Lenox v. Harrison, 88 Mo. 491.]

V.  We have carefully considered the questions involved in this action, as well as the authorities cited upon each side.  We are of the opinion, that the judg-
Conclusion. ment of the trial court was for the right party.  It is accordingly affirmed.  *White* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court.  All of the judges concur.