WILLIAM N. CARTER, RESPONDENT, v. J. FRANK FLYNN ET AL., AP-
PELLANTS.—112 S. W. (2d) 364.

Kansas City Court of Appeals.   January 10, 1938.

*Milligan & Hudson* and *John W. Hudson* for respondent.

*Sutton R. Layton, John M. P. Miller* and *Maurice J. O'Sullivan* for appellants.

REYNOLDS, J.—This cause originated in the Circuit Court of Jackson County. The petition is in the nature of a bill in equity for the purpose of procuring an injunction against a garnishment under execution issued on a judgment rendered by J. Frank Flynn, a justice of the peace of Kaw township, Jackson County, Missouri, in a cause in which Harry Bock was the plaintiff and Arthur E. Cook and W. N. Carter were the defendants, in favor of Bock and against Cook and Carter for $182.04 and for costs, and for the purpose of

having such judgment declared void and stricken from the records of the justice.

The cause herein was tried upon an amended petition. Such petition in substance alleges that the defendant J. Frank Flynn, a justice of the peace of Kaw township, Jackson County, Missouri, rendered judgment on December 19, 1935, against the plaintiff and one Cook in favor of Harry Bock, defendant; that the summons in said cause was issued by said justice without any statement of the plaintiff's cause of action therein having at such time been filed by such plaintiff with him; that such judgment was rendered without the service of process on Carter (a defendant therein); that an execution had been issued on such judgment; and that the defendant Kennedy, who was constable of the township, where such judgment was rendered, had, under such execution, attached the money and property of the plaintiff in the hands of the defendant H. D. Lee Mercantile Company or owing by such defendant to the plaintiff and summoned such defendant as garnishee to appear before said justice and answer interrogatories touching its indebtedness to and money and property in its hands belonging to Carter, the defendant therein and the plaintiff herein; that interrogatories had been thereafter filed, to which the defendant H. D. Lee Mercantile Company as garnishee had made answer that it owed Carter salary to and including February 3, 1936, in the sum of $246.63.

The amended petition alleges that the judgment of the justice was void and, likewise, the execution and garnishment and seizure of the plaintiff's salary thereunder. It further alleges that the plaintiff was not indebted to Bock on the account sued upon before the justice; that he has no adequate remedy at law; and that, unless said defendants be restrained from collecting or paying into said justice of the peace or his court the money disclosed by the garnishee's answer to be due the plaintiff, he will suffer irreparable loss.

The prayer of the amended petition is, in substance, as follows: Wherefore the plaintiff prays that the defendants J. Frank Flynn, William P. Kennedy, and Harry Bock be restrained and enjoined from attempting to enforce the execution growing out of the alleged judgment of said justice against the plaintiff; that the defendant H. D. Lee Mercantile Company be enjoined and restrained from paying the funds in its hands as garnishee into court; and that, upon final determination of the cause, the court declare said alleged judgment of said justice to be null and void and order it stricken from the record.

Upon the filing of the amended petition duly verified, a restraining order was issued; and the defendants were required to appear in court on February 24, 1936, to show cause why an injunction should not be issued against them as prayed for in the petition.

The defendants Flynn, Kennedy, and Bock filed joint and separate answer by which, after making admissions of certain allegations in the amended petition, they further tendered a general denial of all of the allegations of the petition. By said answer, they further challenged the amended petition as failing to state facts sufficient to constitute a cause of action in equity in favor of the plaintiff against them and set up that, under the facts alleged, the plaintiff was not entitled to the relief prayed for or to any other relief.

Thereafter, on the same date, the said defendants Flynn, Kennedy, and Bock filed their joint and separate motion to dissolve the restraining order because, among other things, the amended petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants and because said restraining order had been improvidently issued.

Thereafter, on April 12, 1936, the cause came on for hearing; and, upon such hearing, judgment was rendered in favor of the plaintiff, overruling the motion to dissolve the restraining order and making such temporary restraining order permanent and permanently enjoining the defendants Flynn, Kennedy, and Bock from enforcing, levying, or issuing execution on said judgment and permanently enjoining the defendant H. D. Lee Mercantile Company from paying any money owing by it to Carter or other money or property in its possession belonging to Carter into the justice court by reason of such judgment of the justice and the garnishment under execution thereunder.

As the basis for its order and judgment, the trial court found that no statement was ever filed in the justice court of the defendant Flynn until December 19, 1935, and that, on such date, the judgment complained of was rendered against the said Carter upon process that had been issued before the institution of the suit wherein it was rendered and before the filing of a statement of his cause of action by the plaintiff therein with said justice, by reason of which such judgment was void. As a further basis for its order and judgment, the trial court found that no service for process or summons was ever had on Carter in said cause; that Carter had a meritorious defense to said cause of action asserted by the defendant Bock before said justice; that said justice never had jurisdiction of Carter personally; and that the said judgment rendered by the said justice was null, void, and of no effect and was a constructive fraud upon the rights of the plaintiff. The trial court, by its judgment, further ordered that the said judgment so rendered by the said justice against Carter on December 19, 1935, be set aside and stricken from the record of said justice of the peace. From such judgment, the defendants, after unsuccessful motions for a new trial and in arrest of judgment, prosecute this appeal.

.From the evidence in the record, it sufficiently appears that the plaintiff in this case is the defendant W. N. Carter in the cause in judgment before the justice; that the defendants Bock, Flynn, and Kennedy are respectively the plaintiff in such cause, the justice who entertained such cause and rendered such judgment and who issued the execution in question, and the constable to whom such execution was delivered and by whom the same was served by summoning the defendant H. D. Lee Mercantile Company as garnishee; and that the defendant H. D. Lee Mercantile Company, the garnishee aforesaid, is the employer and creditor of the plaintiff Carter, upon whom service of garnishment was made.

The record sufficiently shows that the summons, which was issued under the hand of the defendant Flynn as justice of the peace in the cause before him in which the judgment complained of was rendered, was issued by him on December 6, 1935; that, at such time, the plaintiff Bock in said cause and judgment (defendants herein) had not filed any statement of his account or cause of action against the said Carter or against the said Cook; and that no statement was ever filed by him until December 19, 1935, the date upon which judgment by default was afterward rendered. The summons so issued on December 6, 1935, was delivered by the justice to the defendant William P. Kennedy as constable. The return of Kennedy as such officer, endorsed on the summons, showing the manner of the execution of the same by him, is in words and figures as follows:

"Constable's Return

"I hereby certify that I have executed the within writ by delivering a copy of the same to the within named defendant Arthur E. Cook, by leaving a copy of the same at the usual place of abode of the within named Defendant W. N. Carter, with a person of his family over fifteen years of age, the 7th day of December, 1935, in Kaw Township, Jackson County, Missouri.

"William P. Kennedy, Constable.

"By: Al Shuster."

The record shows that Al Shuster was, at the time of the service of such summons and the return thereof, a deputy of the said William P. Kennedy as constable.

On December 19, 1935, the attorney for the plaintiff Bock in said cause before said justice, by permission of said justice, filed the following statement:

"In the Court of J. Frank Flynn in and for Kaw Township.

"Harry Bock

"vs.

"Arthur E. Cook and W. N. Carter.

"Comes now the plaintiff and shows the Court that in November and in December, 1931, and in January, 1932, he leased to the de-

fendants his corn-sheller for the purpose of shelling corn; that said defendants were to pay plaintiff at the rate of ten cents per hundred pounds for the use of said corn-sheller; that said defendants shelled 121,603 pounds of corn, or 1,216 bushels; that said defendants further agreed to transport said corn-sheller to the place where it was to be used and return the same to the plaintiff at his residence; that defendants failed to return it and that plaintiff was forced to pay and did pay $15.00 to have said corn-sheller returned to his residence; that said defendants have often promised to pay plaintiff for the shelling of said corn in the sum of $131.60 and also the sum of $15.00 which plaintiff was forced to pay to have the said corn-sheller returned to his residence.

"Plaintiff further states that defendants are indebted to plaintiff in the sum of $146.40 together with interest at six per cent per annum from February 1st, 1932, to this date.

"Wherefore plaintiff prays judgment against the defendants in the sum of $146.40, together with interest from February 1, 1932, to this date.

"Sutton R. Layton,<br>
"Attorney for Plaintiff."

This statement, on the reverse side thereof, bears a notation by the justice, "Filed, December 19, 1935."

It appears that thereafter and on the same date (December 19, 1935) judgment by default was rendered by said justice against the defendants therein, Arthur E. Cook and W. N. Carter, in the sum of $182.04, and for costs. Such judgment is the judgment the enforcement of which by execution and garnishment the plaintiff herein seeks to have restrained and enjoined and is the judgment he seeks to have declared null and void.

It appears that an execution was issued by the justice upon such judgment and delivered to the constable (the defendant Kennedy); that, under such execution, Kennedy served a writ of garnishment upon the defendant H. D. Lee Mercantile Company, attaching all money or property in its possession belonging to Carter (defendant therein) or owing by it to him and summoning such defendant company as garnishee to appear and answer interrogatories touching its indebtedness; that the defendant mercantile company, under such writ, appeared before the justice and made answer to the interrogatories propounded to it, disclosing an indebtedness to Carter for salary due in the sum of $246.63; and that an order had thereupon been made by the justice upon the defendant mercantile company to pay $193.79 of such sum into court.

## Opinion.

1. The first question to be determined in this case is whether or not the judgment of the justice of the peace is void.

The plaintiff contends that it is void upon the grounds (1) that no statement of his cause of action, upon which such judgment was rendered, had been filed by the plaintiff therein with the justice at the time that the process or summons was issued and (2) that the constable's return of service upon such summons fails affirmatively to show service of such summons upon Carter.

As to the first ground, it is contended that, by section 2185, Revised Statutes of 1929, it was necessary that a statement of the plaintiff's cause of action therein should first have been filed with the justice in order for him to acquire jurisdiction of the cause of action and the subject-matter thereof and before a summons could have been issued by him; that, the summons having been issued without any statement of such plaintiff's cause of action having been filed by him at such time, the justice acquired no jurisdiction of the action and had no jurisdiction to issue the summons and no jurisdiction to render the judgment by default thereafter rendered by him; and that such judgment so rendered is void.

Section 2185, relied upon, is as follows:

"No formal pleadings upon the part of either plaintiff or defendant shall be required in a justice's court, but before any process shall be issued in any suit, the plaintiff shall file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded, and the defendant shall, before trial is commenced, file the instrument, account or statement of his set-off or counterclaim relied upon."

It might appear from such section standing alone that such statement was necessarily required to be filed with the justice before he could acquire any jurisdiction of the cause to issue a summons or otherwise proceed therein. However, by section 2186, Revised Statutes of 1929, it is, among other things, provided:

"If the suit is founded on an account, a bill of items of the account shall be filed; in all other cases, a statement of the facts constituting the cause of action, and the amount or sum demanded, shall be filed with the justice; but no suit shall be dismissed or discontinued for want of any such statement of cause of action, or for any defect or insufficiency thereof, if the plaintiff shall file the instrument or account, or a sufficient statement, before the jury is sworn or the trial commenced, or when required by the justice."

While it is true that the record herein fails to show that, at the time the summons was issued in said cause before the justice, the plaintiff therein had filed with said justice any statement of his cause of action, still it does show that on December 19, 1935, a sufficient

statement of his cause of action was filed before said justice, prior to the time of the rendition of such judgment and prior to the time that the cause of action was taken up for hearing before said justice and before any jury was sworn. Thus, the jurisdiction of the cause of action and the subject-matter thereof is fully made to appear under section 2186. [Wright v. Cleveland, 159 Mo. App. 347, 141 S. W. 5.]

The two sections, 2185 and 2186, are necessarily to be considered together; and, when they are considered together, it must be held that, where a statement of a cause of action before a justice is filed prior to the time that the trial is begun and before any jury is sworn, such is sufficient to confer jurisdiction of the cause of action and the subject-matter thereof upon the justice, notwithstanding the fact that the summons was issued therein before any such statement was filed. The judgment is, therefore, not void by reason of the first ground assigned.

Section 2185 was the only section dealing with the subject prior to 1879. Section 2186 first appeared in the Revision of 1879. The cases cited by the plaintiff in his brief in this connection (Casey v. Clark, 2 Mo. 11; Odle v. Clark, 2 Mo. 12; Bersch v. Schneider, 27 Mo. 101), are based on section 2185 standing alone, prior to the enactment of section 2186, and, hence, have no application here, where section 2186 is also for consideration. The other cases cited by the plaintiff in his brief in this connection have no application to the question involved in this case, as will be hereinafter shown.

The question in this case is whether, under the requirements of sections 2185 and 2186, the justice had jurisdiction of the cause where the plaintiff filed a statement of his cause of action before the jury was sworn or the case commenced, notwithstanding such statement was only filed on the day judgment was rendered and none had been filed before that time or at the institution of the suit and before the summons was issued. No such question was involved in any of the other cases cited in this connection by the plaintiff in his brief.

In Olin v. Zeigler, 46 Mo. App. 193, the transcript of the justice failed to show that any statement whatever was filed before him. It was held that the justice acquired no jurisdiction.

In Phenix Insurance Company of Brooklyn v. Foster, 56 Mo. App. 197, no statement or instrument in writing upon which the cause of action was based was filed before the justice. It was held that the justice acquired no jurisdiction.

In Peddicord v. Missouri Pacific Railway Company, 85 Mo. 160, the transcript of the justice showed that a complaint was filed, summons issued, service thereon made, and return of such service made but did not contain a copy of the complaint. On appeal, the circuit court permitted the plaintiff to file a statement. Upon the cause reaching the Supreme Court, that court held, upon a consideration of

the statutes then in force, now sections 2185 and 2186, that, if there was no statement filed before the justice (and that the record showed none), there was nothing upon which to base the judgment of the justice and nothing to amend. The court in that case, however, assumed or took for granted that a statement of some kind had been filed before the justice (probably basing such assumption and its action in taking for granted that a statement had been filed upon recital in the transcript that one had been filed) and approved the allowance of the amendment.

In Graves v. Metropolitan Life Insurance Company, 279 Mo. 240, 179 S. W. 947, the question related wholly to the sufficiency of the statement filed before the justice.

Likewise, the case of State ex rel. Alisky v. Bird (Mo. App.), 63 S. W. (2d) 817, involved the question merely of the sufficiency of the statement of the cause of action filed. The court in that case, after finding that the statement filed at the institution of the suit was insufficient upon which to base any cause of action, observed that no effort in that case was made thereafter by the plaintiff to take advantage of the closing paragraph in section 2186 and file an amended or sufficient statement before the jury was sworn or the trial commenced. It was held, upon the facts in that case, that, for the want of a sufficient statement filed before the justice, the justice acquired no jurisdiction of the cause.

It is thus to be noticed that, in the cases noted, the only questions involved were made to depend solely upon whether a statement or cause of action had been filed before the justice and, if so, whether or not it was sufficient.

In this case, the facts show that a statement was filed before the case was taken up and the trial commenced before the justice and before any jury was sworn, to which no objection was made on the grounds of its insufficiency. It is, therefore, fully distinguished upon the facts from the facts in any of the cases cited by the plaintiff, above noted.

2. The plaintiff invokes a rule that returns of service of process by an officer must be strictly construed. What is meant by "strict construction" in this regard is that the return cannot be aided by presumptions or intendments; that nothing can be presumed in favor of the return or read into it by intendment; and that the return must show on its face that every requisite of the statute has been complied with. [Gamasche v. Smythe, 60 Mo. App. 161; Harness v. Cravens, 126 Mo. 233, 28 S. W. 971.]

The rule to be followed in the construction of the terms of an officer's return of process has been formulated by our Supreme Court and is as follows: "The return should receive a reasonable and natural interpretation. It must be fairly construed and effect be given to its plain intent and meaning." [Davis v. Jacksonville Southeastern

Line, 126 Mo. 69, l. c. 76, 28 S. W. 965; Regent Realty Co. v. Armour Packing Co., 112 Mo. App. 271, 86 S. W. 880.]

The return in this case is not subject to be given a double meaning, nor is it susceptible of more than one construction. Either it means service upon both the defendants Cook and Carter, or it does not mean anything. The return is as follows:

"I hereby certify that I have executed the within writ by delivering a copy of the same to the within named defendant Arthur E. Cook, by leaving a copy of the same at the usual place of abode of the within named Defendant W. N. Carter, with a person of his family over fifteen years of age, the 7th day of December, 1935, in Kaw Township, Jackson County, Missouri.

"William P. Kennedy, Constable.
"By: Al Shuster."

It shows service in express terms upon the defendant Cook by delivery of a copy of such summons to him; and that part thereof following the recital of service upon Cook in the manner stated, which recites that a copy was left at the usual place of abode of the defendant Carter, relates wholly to service upon Carter, entirely disassociated from the service upon Cook. The leaving out of the word "and" after the name of Cook was obviously a clerical mistake.

The record shows that, at such time, Al Shuster was a deputy of William P. Kennedy, the constable.

Section 2196, Revised Statutes of 1929, relating to service of summons issued by justices of the peace, provides that every summons "shall be executed either, first: By reading the same to the defendant; or, second, by delivering a copy thereof to the defendant; or, third, by leaving a copy of said summons at the usual place of abode of the defendant, with some person of the family above the age of fifteen years——"

By section 2198 of the same revision, relating to the return on process issued by a justice of the peace made by the officer or person serving the same, is as follows: "Every constable or other person serving any process authorized by this article shall return thereon, in writing, the time and manner of the service, and shall sign his name to such return."

It is manifest that, giving the return a fair and reasonable construction and interpretation, according to its plain intent and meaning, the word "and" should be construed as understood between the name "Arthur E. Cook" and the words "by leaving a copy of the same at the usual place of abode of the within named Defendant W. N. Carter." Its omission is to be regarded obviously as a clerical mistake. [Reid, Murdock & Co. v. Mercurio, 91 Mo. App. 673.]

Treating such word as having been supplied at the place indicated, the return in question reads as follows: "I hereby certify that I have executed the within writ by delivering a copy of the same to the

within named defendant Arthur E. Cook, and by leaving a copy of the same at the usual place of abode of the within named Defendant W. N. Carter, with a person of his family over fifteen years of age, the 7th day of December, 1935, in Kaw Township, Jackson County, Missouri,'' and shows service upon Carter as required by section 2196, *supra*, and return as required by section 2198, *supra*. Our holding is fully supported by the cases of Reid, Murdock & Company v. Mercurio, *supra*; Thomson v. Thomson, 115 Mo. 56, 21 S. W. 1085, 1128; Wells v. Wells, 279 Mo. 57, 213 S. W. 830; and the authorities therein cited.

In Thomson v. Thomson, *supra*, l. c. 67 of 115 Mo., our Supreme Court en banc very clearly states the principle of law which should apply in cases of this character, as follows:

''In relation to supplying words where it is obvious that from the words used and the general tenor and context of the instrument that certain words' or their substance has been omitted, such words may be supplied by construction.''

In Wells v. Wells, *supra*, where a judgment by default was rendered, a sheriff's return on the writ of summons came in question, which omitted the words ''of the'' between the word ''person'' and the word ''family.'' The return in that case was as follows (l. c. 62 of 279 Mo.):

''I hereby certify that I executed the within Writ in Lincoln County, Missouri, on the 26th day of September, 1907, by leaving a Copy of the Writ and petition and Copy of the Writ with a person family of said Emeline. M. Wells and James B. Wells at their usual place of abode over the age of fifteen years.''

Such return was challenged as being insufficient to show proper service on the defendants, so as to give the court jurisdiction of the defendants. In disposing of such complaint, the court said (l. c. 64 of 279 Mo.):

''It is manifest that giving a plain and common-sense construction to the language of the return, the words 'of the,' should be construed as understood between 'person' and 'family.' [Section 8057, R. S. 1909; Reid, Murdock & Co. v. Mercurio, 91 Mo. App. 1. c. 679; Wolfe v. Dyer, 95 Mo. 1. c. 551; Nichols v. Boswell, 103 Mo. 160; Thomson v. Thomson, 115 Mo. 1. c. 67-8; Presnell v. Headley, 141 Mo. 1. c. 191-2; Johnson v. Bowlware, 149 Mo. 451; Briant v. Garrison, 150 Mo. 1. c. 667-8-9; Whitaker v. Whitaker, 175 Mo. 1. c. 10-11-12; McMahan v. Hubbard, 217 Mo. 1. c. 637-8.]''

It is unnecessary to discuss or determine othed points made.

It follows from what has been said and the conclusions reached that the justice of the peace had both jurisdiction of the cause of action and the subject-matter. thereof and of the person of the defendant in the cause before him in which the judgment which is complained of and is in question was rendered and jurisdiction to render such judg-

ment and to enforce the same by execution delivered to his administrative officer, the constable, to be executed by such constable by attachment and levy and garnishment thereunder and that such judgment is valid and not invalid or void and its enforcement by execution and garnishment under the record herein is not subject to be restrained and enjoined in equity or otherwise.

It follows that the learned judge who tried the cause below must be held in error in his findings and judgment that the judgment in the justice court was void and in the relief granted by him in ordering the same set aside and stricken from the records of the justice and in making permanent the preliminary restraining order and in permanently enjoining the defendants from the enforcement of such judgment by execution and garnishment thereunder or otherwise and in enjoining the garnishee from paying the money confessed to be owing the plaintiff by its answer (which was not denied) or such portion thereof as, by the order of the justice, it was required to pay over. Such judgment must be reversed in its entirety and the cause remanded with directions to the court below to dissolve the injunction and dismiss the petition. It is so ordered. All concur.